I, WILLIAMS, Judge.
The plaintiff, Brenda Prine, appeals a trial court’s judgment which denied her motion to reopen the succession of her deceased husband. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The decedent, Eric L. Prine, died on August 19, 1997. At the time of his death he was married to his fourth wife, the plaintiff, Brenda Prine. The plaintiff and the decedent entered into a prenuptial agreement establishing a separate property regime.
Prine died testate and his will was probated on August 25, 1997. The will established the Kathryn Prine Trust and the Elliot Reginald Prine Trust on behalf of the decedent’s daughter from a previous marriage and his nephew, respectively. The Petition for Possession was a joint petition by the defendant, Thomas Reginald Prine, as trustee of both trusts and as executor of Kathryn Prine’s estate, and the plaintiff, Brenda Prine. The plaintiff signed a verification to the petition, which stated that the plaintiff had read the petition and all allegations of fact contained therein were true and correct. A judgment of possession was signed on November 12,1997.
In his will, the decedent also left three automobiles to the Kathryn Prine trust. Also in 1987, the plaintiff signed three separate documents entitled “Bill of Sale” purchasing the automobiles from the Kathryn Prine Trust.[1]
On February 28, 2000, the plaintiff filed a petition seeking a marital portion of the decedent’s estate. She named as defendant Thomas Reginald LPrine, individually and as trustee of the Kathryn Prine Trust. The plaintiff alleged that the Succession of Eric L. Prine did not encompass all of the assets belonging to the estate and that she was entitled to a marital portion based upon the true and actual value of the estate. On March 8, 2000, the plaintiff amended her original petition to add *563 Thomas Reginald Prine, individually and as Trustee of the Elliott Reginald Prine Trust. On March 13, 2000, Thomas Reginald Prine, individually and as trustee of the Kathryn Prine Trust and the Elliott Reginald Prine Trust, filed several exceptions, including no cause of action, no right of action, prematurity, non-joinder of party and res judicata, On March 23, 2000, the plaintiff filed a second supplemental and amending petition to delete any claim against Thomas Reginald Prine, individually, to request an order reopening the succession and to make the Estate of Eric L. Prine a party defendant.
Subsequently, at a hearing on the exceptions, the trial court ruled that the exception of no cause of action filed by Thomas Reginald Prine, individually, was moot since the petition had been amended to delete any individual claims against him. The trial court sustained the exception of prematurity and the exception of non-join-der of party.
In July of 2000, the plaintiff filed a rule to show cause why an appraiser should not be appointed to appraise the succession property. In response, the defendants filed exceptions of no cause of action and no right of action. The trial court sustained the exceptions, finding that the plaintiff “could have and should have asserted her claim for the marital portion while the succession was open and under administration.” The court concluded that “plaintiffs participation in the succession proceedings now precludes [3her from asserting a claim contrary to the judgment of possession.” The plaintiff appeals.
DISCUSSION
The plaintiff claims a cause of action under LSA-C.C. art. 2432, which states:
When a spouse dies rich in comparison with the surviving spouse, the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse.
The right to claim the marital portion must be asserted against the succession, However, in the instant case, at the time that the plaintiff asserted her claim, a judgment of possession had been executed and the legatees had been placed in possession of their respective properties, thus closing the succession.
LSA-C.C. art. 1853 defines a judicial confession as follows:
[A] declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
A judicial admission or confession is a party’s express acknowledgment of the correctness of the fact or the act charged against him by his adversary. Such a confession is designed to dispense with evidence and has the effect of withdrawing the subject matter of the confession from issue. Scoggins v. Fredrick, 98-1814 (La. App. 1st Cir.9/24/99), 744 So.2d 676; First Homestead Federal Savings and Loan Association v. Coleman, 446 So.2d 551 (La.App. 3rd Cir.1984).
In Succession of Lasseigne, 488 So.2d 1303 (La.App. 3rd Cir.), writ denied, 494 So.2d 327 (La.1986), the court rejected an attempt to reopen a 14succession to assert forced heirship rights because no creditor had appeared, no new assets were discovered, and “all of the heirs had purely, simply and unconditionally accepted the succession.” Similarly, in Averette v. Jordan, 457 So.2d 691 (La.App. 2nd Cir.1984), the descendants of a forced heir were precluded from reopening a succession because their forced-heir ancestor had joined in the succession proceeding and ac *564 quiesced in the distribution of the estate to his siblings, to the exclusion of himself. See, Succession of Williams, 99-205 (La.App. 5th Cir.7/27/99), 738 So.2d 1185.
In the instant case, the plaintiff joined in the succession proceedings by filing a “Petition for Possession” and signing a “verification” to the petition indicating that she had read the petition and that all allegations of fact contained therein were true and correct. Therefore, the plaintiff joined in the succession and acquiesced in the distribution of the estate. The trial court correctly concluded that the plaintiffs participation in the succession proceedings precluded her from subsequently asserting a claim contrary to the judgment of possession. After reviewing this record, we conclude that ■ the trial court was correct in sustaining the exceptions of no cause of action and no right of action.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiff, Brenda Prine.
AFFIRMED.

. The "Petition for Possession” noted that the vehicles were being sold to the plaintiff and provided that these agreements were judicial stipulations.