862 So.2d 398 (2003)
Charles DEAL, Plaintiff-Appellant,
v.
Carol Lexing POWELL, et al., Defendants-Appellees.
No. 37,686-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
*400 Charles Deal, In Proper Person.
Watson, McMillin & Harrison, by W. Michael Street, for Appellees Carol Lexing Powell and Monroe City Clerk of Court.
Before WILLIAMS, STEWART and DREW, JJ.
STEWART, J.
Following remand of this matter to the district court, Charles Deal ("Deal") appeals the trial court's grant of defendants', Carol Powell, Frances Manning, and Kasey Duncan ("Defendants"), Exceptions of Prescription and No Cause of Action, and Motion in Limine. For the reasons expressed herein, we affirm.

FACTS
The pertinent facts and procedural history of this case are detailed in Deal v. Lexing-Powell, 36,168 (La.App.2d Cir.8/16/02), 824 So.2d 541. We will not be unnecessarily repetitive here. In Deal v. Lexing-Powell, supra, we reversed summary judgment in favor of the Defendants in their official capacity and remanded this matter to the district court. Following remand, the Defendants filed several motions which were granted by the trial court to wit: (1) Motion to Refix Exception of Prescription; (2) Exception of no Right of Action; and (3) Motion in Limine. This appeal ensued.

DISCUSSION
Exception of No Right of Action
Under La. C.C.P. art. 927, a defendant may raise the peremptory exception of no right of action. The function of *401 the peremptory exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. The no right of action exception assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La. 11/30/94), 646 So.2d 885; Simmons v. Chambliss, 37,461 (La.App.2d Cir.8/20/03), 852 So.2d 1237.
In CWD Investments' Petition for Damages, Deal claims that he did not have an ownership interest in any of the property seized pursuant to writs issued through Monroe City Court. In sustaining the Defendants' Exception of No Right of Action, the trial court adopted the reasoning contained in their memorandum. The court found an "Affidavit of Facts" signed by Deal stating that he did not have an ownership interest in the property to be a judicial admission. A judicial admission or confession is a party's express acknowledgment of the correctness of the fact or the act charged against him by his adversary; such a confession is designed to dispense with evidence and has the effect of withdrawing the subject matter of the confession from issue. Prine v. Prine, 34,749 (La.App.2d Cir.9/17/01), 793 So.2d 561. Consequently, by Deal's own admission, he did not have an ownership interest in the property at issue. The trial court properly granted the Defendants' exception of no right of action.
Exception of Prescription
We not only affirm the trial court's finding that Deal had no right of action, we also hold that any cause of action against the Defendants for the alleged wrongful seizure of the property at issue has prescribed. Deal filed suit on March 20, 2000. In his petition, Deal alleges that the allegedly negligent actions of the defendants occurred on January 23 and 24, 1999. Although the claims are prescribed on the face of the petition, Deal argues that he did not have constructive notice of the claims until October 7, 1999, and he is entitled to the benefits of the doctrine of contra non valentem agere nulla currit praescripto.
Ordinarily, the party claiming the matter is prescribed bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, then the burden shifts to the plaintiff to show that the action has not prescribed. Campo v. Correa, 2001-2707 (La.6/21/02), 828 So.2d 502; Nolan v. Roofing Supply, Inc., 36,403 (La.App.2d Cir.11/26/02), 833 So.2d 1026.
The record shows that as early as February of 1999, Deal had Elizabeth Deal, William Deal, and Karen McGough Deal Navarro come to the Monroe City Court to inquire about information concerning the alleged wrongful conduct. Further, in an action which preceded the instant suit, Deal had prepared several pleadings in the Monroe City Court against Citgo-U-Pac It and Roger Claunch wherein he complained of "the wrongful seizure of property," including a motion for summary judgment, which were filed March 8, 1999. Our review of those pleadings demonstrates that Deal was certainly aware of a potential cause of action more than a year prior to the March 20, 2000, filing of the instant suit.
The doctrine of contra non valentem suspends prescription where the circumstances of the case fall into one of the following categories:
1. Where there was some legal cause which prevented the courts or their *402 officers from taking cognizance of or acting on the plaintiff's action.
2. Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
3. Where the debtor himself has done some act effectively to prevent the creditor from availing himself of the cause of action; and
4. Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, 211.
In support of his argument that he is entitled to the protection of contra non valentem, Deal states that 1) he was unable to appear and act for himself in viewing the public records; 2) there was no action taken by the City Court on orders filed by him in underlying Monroe City Court actions; and 3) his "agents" were denied access to the suit records. We find no merit in any of these claims. First, Deal's inability to appear was caused by his own incarceration. We note that a plaintiff's incarceration does not suspend the running of prescription. Hampton v. Kroger, 27,073 (La.App.2d Cir.6/21/95), 658 So.2d 209. Second, there is nothing in the record to support the idea that any delays in the Monroe City Court action, if they in fact occurred, should serve to suspend prescription in the instant case. Lastly, there is also nothing in the record to support his allegation that his "agents" were denied access to the records. Consequently, we find that this assignment is without merit, and we affirm the trial court's finding that his claim has prescribed.
Motion in Limine
In his objections to the Defendants' filing of the Exceptions of Prescription and No Right of Action, Deal filed supporting memoranda and statements which he alleged were affidavits. The trial court ruled that these statements were hearsay and not competent legal evidence under La. C.C.P. art. 931, and granted the Defendants' Motion in Limine striking the statements offered by Deal. We find no error in this ruling. Moreover, we note that had the Motion in Limine been denied, this court would have still affirmed the Exceptions of No Right of Action and Prescription.
Denial of Oral Argument
Deal asserts that the trial court erred by allowing this matter to be submitted on the briefs only without oral argument or witness testimony. However, we find no abuse of discretion in the trial court's decision. Rule 9.18 of the Rules for Louisiana District Court provides that "oral argument is a privilege, not a right, and is within the court's discretion." Accordingly, we find that this contention is without merit.

CONCLUSION
Finding no merit in the appellant's claims, we affirm the ruling of the trial court granting the Defendants' Exceptions of No Right of Action and Prescription, and the Motion in Limine. Costs to the appellant, Charles Deal.
AFFIRMED.