h STEWART, J.
The defendant, Harold Wayne Mclnnis, appeals a judgment in favor of the plaintiff, Stephanie Doskocil Mclnnis, for past due periodic support payments in the amount of $5,100.00, with interest from date of judicial demand. We affirm the trial court’s judgment.
*242 FACTS
On October 8, 1999, Stephanie Mclnnis filed a petition for a protective order against her husband, Harold Mclnnis, pursuant to La. R.S. 46:2131, et seq., of the Protection From Family Violence Act. Ms. Mclnnis’ petition included a request for “temporary spousal support.”
At a hearing on October 18, 1999, the parties reached an “interim agreement” as to the relief requested by Ms. Mclnnis in her petition. Counsel for Mr. Mclnnis read the parties’ stipulations into the record. The stipulations provided for reciprocal protective orders and injunctions, as well as use of certain community property. Addressing the stipulation as to Ms. Mcln-nis’ request for temporary support, counsel for Mr. Mclnnis stated:
And we have agreed to continue the rule for some temporary spousal support to a date to be agreed upon by Ms. Johnson and myself. And we will submit a joint motion on that to the court; however, in the interim, we have agreed that Ms. Mclnnis may receive three hundred dollars as temporary spousal support, which is to come from rent on a trailer that the parties own in common, pending further hearing.
After the stipulations were recited on the record, the trial judge discussed the import and consequences of the protective order and directed counsel to ascertain Mr. Mclnnis’ understanding of the agreement. The | ¿following colloquy between Mr. Mclnnis and his attorney, Rollin Cole, occurred:
MR. COLE: Mr. Mclnnis, you have heard the stipulation that I have entered into the record this morning and also the discussion from the bench by the judge concerning that?
MR. MCINNIS: Yes.
MR. COLE: Do you understand the nature of this order, and are you in agreement with it?
MR. MCINNIS: Yes.
MR. COLE: And you are in agreement with the other stipulations that have been offered this morning?
MR. MCINNIS: Yes.
MR. COLE: Do you feel like you understand it?
MR. MCINNIS: I understand it.
THE COURT: You understand it and will obey it?
MR. COLE: Will you agree to obey all orders of the Court?
MR. MCINNIS: Yes, sir.
No further proceedings occurred, no other orders were issued, and no written judgment was prepared or signed.
On March 15, 2000, Ms. Mclnnis filed a petition for divorce which included a request for temporary spousal support. However, the couple obtained a divorce in a separate proceeding filed by Mr. Mcln-nis. Then, on August 14, 2003, Ms. Mcln-nis filed “Rule to Accrue Past Due Support and for Contempt,” seeking to collect support of $300.00 per month as agreed to by Mr. Mclnnis at the hearing on October 18, 1999.
IsAsserting that there was no judgment ordering him to pay support, Mr. Mclnnis opposed the claim for past due support payments. As an alternative, Mr. Mclnnis argued that any support obligation was limited to eighteen months in accordance with La. R.S. 46:2136(F). He also asserted reconciliation as a defense to Ms. Mcln-nis’ claim.
At a hearing on September 22, 2003, the transcript of the hearing on October 18, 1999, was introduced into evidence, and the trial court heard the testimony of both parties. Harold Mclnnis testified that he was not aware of any final judgment or *243 dering spousal support; however, he also testified as follows:
I understood that I was ordered to pay her or I agreed to pay her $800 per month, but it was to be collected by her for a trailer that she and I owned jointly, and I was to have nothing to do with it. That was my understanding that she was supposed to be paid the rent by the tenant, and it wasn’t supposed to go through me, and that was all I knew.
Mr. Mclnnis testified that he was not aware of whether Ms. Mclnnis collected any rent. Objections by Ms. Mclnnis’ counsel to questions pertaining to Mr. Mclnnis’ claim of reconciliation were sustained.
Stephanie Mclnnis testified that she collected one rental payment of $300 from the tenant. According to Ms. Mclnnis, the tenant told her that she could not pay her anymore because the payment had to go to “Harold’s hand.” Ms. Mclnnis also testified that she did not pursue payment from Harold at the time because he told her that she “wouldn’t see a dime of it.”
In written reasons for judgment, the trial court determined that the agreement entered into by the parties at the hearing on October 18, 1999, was a consent agreement which put an end to all existing claims between |4them. In addition, the trial court determined that the agreement was effective for eighteen months as no contradictory hearing was ever requested.[1] The trial court rendered a judgment awarding Ms. Mclnnis $5,100.00 ($5,400 minus the credit of $300 for the payment she received) with interest from date of judicial demand and costs assessed to Mr. Mclnnis. This appeal followed.
DISCUSSION
In his first two assignments of error, Mr. Mclnnis challenges the trial court’s finding that the parties entered a consent agreement for payment of support. He argues that there was no agreement personally obligating him to pay support. Rather, the parties agreed to continue the matter of support and provided a temporary relief measure allowing Ms. Mclnnis to collect the rental on a trailer. Mr. Mclnnis also argues that any agreement reached was invalid due to noncompliance with La. R.S. 46:2136; he complains that he was not served with a protective order.
La. C.C. art. 3071 provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
| ¡¡Jurisprudence defines a consent judgment as a bilateral contract whereby the parties adjust their differences by mutual consent and thereby end the lawsuit with each party balancing the hope of gain against the fear of loss. McDaniel v. *244 McDaniel, 567 So.2d 748 (La.App. 2d Cir. 1990). A consent agreement has binding force from the voluntary acquiescence of the parties, not from the court’s adjudication. Gulledge v. Gulledge, 32,561 and 32, 562 (La.App.2d Cir.8/18/99), 738 So.2d 1229. Once a consent judgment is read into the record, it becomes a legal judgment even if not reduced to writing. Magdon v. Guertin, 97-0235 (La.App. 4th Cir.10/1/97), 701 So.2d 480, writ denied, 97-2400 (La.12/12/97), 704 So.2d 1201.
The trial court correctly determined that the parties entered into a consent agreement. As shown by the transcript of the proceedings of October 18, 1999, the stipulations were recited on the record by Mr. Mclnnis’ counsel. The stipulations resolved the matters then in dispute. Through these stipulations, Mr. Mclnnis agreed that Ms. Mclnnis was to receive temporary support in the amount of $300. Though the stipulation also provided that the rule for support would be continued, no further proceedings occurred. Consequently, the agreement had the effect of ending litigation on Ms. Mclnnis’ petition for protective orders.
Mr. Mclnnis’ reliance on the procedural requirements of La. R.S. 46:2136 is misplaced. The parties reached an agreement which resolved the issues raised by Ms. Mclnnis in her petition for protective orders. While La. R.S. 46:2136(B)(1) provides that the court may render a protective order if the parties enter a consent agreement, issuance of such an order is not | ^mandated. Moreover, nothing in the statute suggests that a consent agreement reached by parties would be invalid between them if no written order is issued by the court and served on the person to whom the order applies.
Mr. Mclnnis argues that he did not personally obligate himself to pay support and points out that the stipulation provided for payment to come from rental on a trailer. However, he testified at trial that he “agreed to pay her $300 month.” This testimony establishes Mr. Mclnnis’ understanding that the ultimate responsibility for payment of the support obligation was his even though the source of the funds was to be from rental income. Testimony at trial suggests that Mr. Mclnnis interfered with Ms. Mclnnis’ collection of the rental payments. Regardless of what transpired with the tenant, Mr. Mclnnis bore the ultimate obligation for payment of the amount agreed to by the parties. Accordingly, we find no merit in Mr. Mcln-nis’ first two assignments of error.
In his third assignment of error, Mr. Mclnnis complains that the trial court erred in not allowing evidence of reconciliation. Mr. Mclnnis’ argument that evidence of reconciliation was improperly excluded by the trial court’s sustaining an objection of collateral estoppel is without merit. In the reasons for judgment, the trial court correctly determined that the agreement for payment of support could not be classified as an agreement for payment of interim spousal support. Under La. C.C. art. Ill, awards of interim spousal support are limited to proceedings “for divorce or thereafter.” Moreover, Mr. Mclnnis’ defense of reconciliation is based on|7La. C.C. art. 104, which provides, “The cause of action for divorce is extinguished by the reconciliation of the parties.” Ms. Mclnnis’ request for support and the consent agreement for payment of support were not part of a proceeding for divorce; rather, this matter was brought and resolved under the provisions of the Protection From Family Violence Act and prior to either party filing for divorce. Accordingly, the defense of reconciliation provided by La. C.C. art. 104 does not apply, and evidence relevant to the defense was not improperly excluded.
*245 CONCLUSION
For the reasons stated, we affirm the judgment of the trial court at appellant’s costs.
AFFIRMED.

. The eighteen month limit is taken from La. R.S. 46:2136(F), which provides:
F. Any final protective order or approved consent agreement shall be for a fixed period of time, not to exceed eighteen months, and may be extended by the court, after a contradictory hearing, in its discretion. Such protective order or extension thereof shall be subject to a devolutive appeal only.