SUSAN M. CHEHARDY, Judge.
li>This appeal arises in a suit regarding child custody and child support. The district court overruled the defendant father’s objections to an order of the domestic commissioner regarding child support ar-rearages. The defendant has appealed.[1] We amend and affirm.
Beatriz Stanley and David Nicosia are the parents of E.A.N., a daughter born on November 7, 2003. The parents were never married to each other, but lived together on and off for several years.[2]
On February 2, 2006 Stanley filed a petition against Nicosia seeking protection from domestic abuse pursuant to La.R.S. 46:2136, as well as custody and child support. A protective order was issued, extended by another protective order after the first one expired.
On March 20, 2006 Stanley dismissed the protective order she had obtained against Nicosia. The parties agreed to exchange information for the purposes of setting child support. The parties returned to living together, without a formal disposition of the request for child support.
| a0n February 14, 2007 Stanley again filed a petition for a protective order. On June 7, 2007 Stanley refiled the rule to determine child support and it was re-set for hearing. On December 12, 2007 the domestic commissioner issued a judgment ordering Nicosia to pay child support in the amount of $1,393.00 per month, retroactive to February 2, 2006, commencing on December 1, 2007.
Stanley filed a Rule to Make Child Support Arrearages Executory, in which she prayed for the monthly amount retroactive to the date her original petition was filed. On March 18, 2008, the commissioner ruled in Stanley’s favor: He found that no child support payments had been made prior to November 30, 2007, and no payments toward any arrearages had been made since then. He ordered that child support arrearages be made retroactive to February 2, 2006, for a total amount of $30,546.50.
Nicosia filed an objection to the commissioner’s recommendation. On November 10, 2008, the district judge overruled the objection and confirmed the commissioner’s order, with written reasons for judgment. The judge stated, “[Ejven considering the additional evidence submitted, defendant has failed his burden of proving that he is entitled to credit towards child support arrearage.” The court confirmed that the arrearages are retroactive to February 2, 2006, and made the judgment executory in the amount of $30,546.50.[3]
On appeal Nicosia raises two assignments: (1) The district court erred in failing to deduct a credit of $2,578.57 placed upon the arrearages by the court at a hearing on April 21, 2008; (2) The trial court erred in failing to acknowledge that the parties reconciled following the initial February 2006 filing, terminating child support upon reconciliation of the parties in March or April 2006.
*58 |4(1) Did the trial court err in failing to deduct a credit for excess garnishment from the arrearages award?
Stanley instituted garnishment Nicosia’s salary, and Nicosia responded with a motion to stop the garnishment proceedings. A minute entry dated April 21, 2008, states: of
Motions taken up:
By D 1 against PI motion to stop garnishment for satisfaction of garnishment amount preliminary injunction — granted re: stop garnishment in question — balance sheet — denied—sanction plaintiff— denied — return excess money to defendant — denied—defendant will get credit for $2,578.67 against retroactive child suppt arrearages.
Thus, the district judge denied Nicosia’s motion for return of excess proceeds of the garnishment, ruling that Nicosia would receive a credit of $2,578.67 against the retroactive child support arrearages. That ruling, however, was never reduced to a written judgment.
On appeal Nicosia asserts the district court erred in failing to take that ruling into account when making the judgment for child support arrearages.
Stanley asserts this Court should not consider whether Nicosia is entitled to credits against the award, because Nicosia failed to raise the issue of credits at the hearing from which this judgment proceeds. Stanley does not dispute that the only child support payments she received toward the arrearage were obtained through garnishment of $2,578.67 prior to April 21, 2008, which was deemed an overage above the contempt award and attorney’s fees owed to Nicosia.[4] Stanley points out that Nicosia failed to raise the issue of the credit when his objection to the commissioner’s recommendation came before the district judge on June 26, 2008, I sand he failed to file a Motion for New Trial after the district court’s judgment confirming the commissioner’s order was rendered on November 10, 2008.
Rendition of an interlocutory judgment in open court constitutes notice to all parties. La.C.C.P. art. 1914(A). An interlocutory judgment need not be reduced to writing unless the court so orders, if a party makes a timely request that it be reduced to writing, or if the court takes the interlocutory matter under advisement. La.C.C.P. art. 1914(B).
A court make take judicial notice, whether requested or not, of adjudicative facts. La.C.E. art. 201(C). Certainly a court may take notice of a prior ruling in the case before it, whether evidenced by a minute entry, a transcript, or a written judgment. See, e.g,, State v. Batiste, 1996-0526 (La.App. 3 Cir. 12/11/96), 687 So.2d 499, writ denied, 1997-0174 (La.6/30/97), 696 So.2d 1003; State v. Valentine, 397 So.2d 1299 (La.1981).
Accordingly, we deem it appropriate to recognize that in a prior proceeding in this matter, the district judge granted Nicosia a credit for the excess garnishment amounts against his retroactive child support arrearages, and we apply that credit to the judgment on appeal. We shall amend the judgment accordingly.
(2) Did the trial court err in failing to acknowledge that the parties had reconciled following the initial February 2006 filing, so that child support was terminated in March or April 2006?
Nicosia argues no child support should be owed for the time frame during *59 which he and Stanley had reconciled. He cites numerous cases in which the courts found that child support payments were not owed when the parties had reconciled. Notably, however, all these cases involve persons who were married to each other and who had been in the process of divorcing when the child support awards were made.
| fiStanley contends Nicosia’s reconciliation argument is without merit because the reconciliation doctrine applies only in divorce proceedings. Stanley and Nicosia have never been married to each other. Stanley does not dispute that she lived with Nicosia off and on from April 2006 to August 2006.
The doctrine of reconciliation is codified in La.C.C. art. 104, which states, “The cause of action for divorce is extinguished by the reconciliation of the parties.” Reconciliation has no bearing on an action for child support between parties who have never been married to each other, and who are not pursuing a cause of action for divorce. See McInnis v. McInnis, 38,748 (La.App. 2 Cir. 8/18/04), 880 So.2d 240 (wife brought proceeding under provisions of Protection From Family Violence Act and prior to either party filing for divorce).
There is no merit to this assignment.
For the foregoing reasons, the judgment is amended to provide that appellant, David A. Nicosia, is entitled to a credit of $2,578.67 against the retroactive child support arrearages, pursuant to the district court’s order of April 21, 2008. As amended, the judgment is affirmed.

AMENDED AND AFFIRMED.

. The parties have filed numerous rules, exceptions, and motions against each other, including rules for contempt. The rulings on those matters are not before us on this appeal.

. David Nicosia's name appears on the child’s birth certificate and he executed an Act of Acknowledgement at the time of the birth.

.The court also confirmed the commissioner’s findings of contempt against both plaintiff and defendant. That portion of the ruling has not been appealed.

. The April 21, 2008 hearing was pursuant to Nicosia’s motion to stop the garnishments. The motion was granted and garnishment was halted. Accordingly to Stanley, Nicosia has made no further payments toward the arrearage.