Judgment rendered August 14, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 52,699-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CLIFFORD CLAUDE ABSHIRE, III             Plaintiff-Appellant

versus

SHREVEPORT POLICE CHIEF             Defendants-Appellees
ALLEN CRUMP, FORMER
CHIEF OF POLICE CHIEF,
WILLIE SHAW, JR.,
SHREVEPORT CITY POLICE
DEPARTMENT, CITY OF
SHREVEPORT, ABC
INSURANCE

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 610,185

Honorable Craig Marcotte, Judge

* * * * *

CLIFFORD C. ABSHIRE, III             In Proper Person

STROUD, CARMOUCHE & BUCKLE, PLLC     Counsel for Appellees
By: Nichole M. Buckle

* * * * *

Before WILLIAMS, MOORE, and McCALLUM, JJ.

**MOORE, J.**

Clifford C. Abshire III appeals a judgment that sustained exceptions of no cause of action, prescription, and lack of procedural capacity, and dismissed his claim for wrongful arrest and malicious prosecution. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Abshire was charged with possession of child pornography. In January 2012, he pled guilty to the lesser included offense of indecent behavior with juveniles, and received a sentence of 10 years at hard labor, including two years without benefits. He did not appeal. He is now serving his time at Raymond Laborde Correctional Center, in Cottonport.

In July 2018, Abshire filed this pro se petition for damages against Willie Shaw, former Shreveport Police Department ("SPD") chief; Allen Crump, current SPD chief; SPD; the City of Shreveport; and these entities' unnamed insurer. He alleged that only in November 2017, pursuant to a Public Records Act request, did he receive his "complete file." This disclosed to him, for the first time, various acts of official misconduct, such as allowing civilians to handle the evidence, destroying evidence that was exculpatory, unlawful search and seizure of his cellphone, and obstruction of justice by refusing to turn over a video for 6½ years. He also alleged that he was totally free from fault, and that as a result of this police misconduct he suffered "extreme prejudice." He demanded the "entire amount of plaintiff's damages which will be proven in trial of this matter" plus legal interest and all general and equitable relief. Finally, he requested pauper status, which the district court granted.

The defendants filed an exception of no cause of action, prescription, and lack of procedural capacity. They showed that any tort claim is subject to one-year prescription, La. C.C. art. 3492, but that this suit came 6½ years after Abshire's conviction, and was facially prescribed. They also showed that under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), before a claimant can recover damages for a claim that impugns the validity of his underlying conviction or sentence, he must prove that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal ruling on habeas corpus. The defendants contended that Abshire did not allege, and could not prove, that any of these things ever happened; thus, he had no cause of action. Finally, they showed that a police department is not an entity capable of suing or being sued, *Dugas v. City of Breaux Bridge Police Dept.*, 1999-1320 (La. App. 3 Cir. 2/2/00), 757 So. 2d 741, *writ denied*, 2000-0671 (La. 4/20/00), 760 So. 2d 1159. Hence, they contended a lack of procedural capacity.

By a second peremptory exception, the defendants urged that even if the discovery rule applied to Abshire's claim and suspended prescription until he "discovered" the operative facts, there was still no cause of action because of *Heck v. Humphrey*, *supra*.

By a subsequent memorandum, the defendants added that the rationale of *Heck* was not limited to federal § 1983 claims, but applied to any claim of false imprisonment or false arrest, *Restrepo v. Fortunato*, 556 So. 2d 1362 (La. App. 5 Cir.), *writ denied*, 560 So. 2d 11 (1990).

The court fixed the hearings on all exceptions "on briefs only, no oral argument."

2

Abshire then filed a motion for change of venue, which the defendants opposed on grounds that no cause was shown, La. C.C.P. art. 122; the record does not show any ruling on this. Abshire also filed a "motion for interlocutory judgment," essentially for a declaration that *Heck* did not apply to his claim. The district court denied this summarily. The record does not contain, and the court minutes do not list, any other filings by Abshire.

## ACTION OF THE DISTRICT COURT

After the briefs-only hearing, the district court sustained all exceptions and dismissed Abshire's claim. In written reasons, the court accepted that Abshire failed to prove the conditions precedent for a claim under *Heck v. Humphrey*, *supra*, and thus had no cause of action.

Further, prescription on a false arrest claim begins to run on the date of arrest, and on a malicious prosecution claim on the date of termination of the prosecution, *Murray v. Town of Mansura*, 2006-355 (La. App. 3 Cir. 9/27/06), 940 So. 2d 832, *writ denied*, 2006-2949 (La. 2/16/07), 949 So. 2d 419, *cert. denied*, 552 U.S. 915, 128 S. Ct. 270 (2007). This suit came six years after the former and five years after the latter, and was prescribed.

Finally, the court held that SPD was not an entity distinct from the City of Shreveport and, thus, lacked procedural capacity to be sued, citing *Dugas v. City of Breaux Bridge Police Dept.*, *supra*.

Abshire has taken this appeal.

## DISCUSSION

At the outset, we note that the first 15 pages of Abshire's pro se brief to this court attempt to narrate the facts of the 2011 investigation that led to his arrest and guilty plea, including a recap of "statements" made by himself, his wife, and the complaining witness in the criminal case. None of this is in

3

the instant record, and as such, it cannot be considered on appeal. *Denoux v. Vessel Mgmt. Servs. Inc.*, 2007-2143 (5/21/08), 983 So. 2d 84; *Swaggart v. Doe*, 50,739 (La. App. 2 Cir. 4/5/17), 216 So. 3d 1118, *writ denied*, 2017-0758 (La. 9/22/17), 227 So. 3d 822.  In general, a court may take judicial notice of a prior ruling in the case before it.  La. C.E. art. 201 B, C; *Stanley v. Nicosia*, 09-191 (La. App. 5 Cir. 5/29/09), 19 So. 3d 56.  Abshire's criminal prosecution is not the case before the court, and we will not take judicial notice of it.

By his first assignment of error, Abshire urges the case should be remanded due to the district court's failure to issue a judgment on his motion for change of venue, motion to reconsider, "motion for limine," and motion for production of documents.  By his second assignment, Abshire urges the case should be remanded due to the district court's failure to include these motions in the appellate record.  By his third assignment, Abshire urges the case should be remanded because there remains a "question of satisfied subject matter jurisdiction" in that the district court failed to rule on the motion for change of venue.  The arguments are entirely factual; no code articles, statutes or cases are cited or discussed.

The record supports Abshire's contention that the district court never ruled on the motion for change of venue, but this "silence" is deemed a denial of the demand. *M.J. Farms Ltd. v. Exxon Mobil Corp.*, 2007-2371 (La. 7/1/08), 998 So. 2d 16; *Bradley v. St. Francis Med. Ctr.*, 51,572 (La. App. 2 Cir. 9/27/17), 244 So. 3d 722.  The ruling on a motion for change of venue is subject to review for abuse of discretion. *McCorvey v. McCorvey*, 2005-174 (La. App. 3 Cir. 11/2/05), 916 So. 2d 357, *writ denied*, 2005-2577 (La. 5/5/06), 927 So. 2d 300.  Considering that Abshire's offense occurred in

2011, he pled guilty to a reduced charge in January 2012, and he *elected to file this suit in Caddo Parish in July 2018*, Abshire has made absolutely no showing that by September 2018, prejudice existed in the public mind that would prevent a fair and impartial trial. La. C.C.P. art. 122. Further, the court minutes do not show that the other motions (to reconsider, "for limine," and for production of documents) were ever filed with the clerk of court. There is nothing to review. These assignments lack merit.

By his fourth assignment of error, Abshire urges the case should be remanded due to the district court's decision to grant the defendants' request for a "brief only" hearing, "due to the petitioner's incarceration," without allowing him to object or otherwise file an opposition. By his fifth assignment, Abshire urges the case should be remanded due to the district court's decision to dismiss the matter almost a month prematurely. As with the first three assignments, the argument here is entirely factual; no law of any kind is cited or discussed.

Oral argument "is a privilege, not a right, and is within the court's discretion." Unif. R. Dist. Cts. 9.18; *Deal v. Powell*, 37,686 (La. App. 2 Cir. 12/10/03), 862 So. 2d 398, *writ not cons.*, 2004-0165 (La. 3/19/04), 869 So. 2d 836. In light of the fact that the issues were fully briefed, and Abshire was in prison, the district court did not abuse its discretion in ordering the matter submitted on briefs only. The defendants filed their exceptions on August 22, 2018, and the court initially set the hearing for November 12, but issued a ruling granting all exceptions on October 11, or 32 days "early." We note that Abshire filed a "rebuttal" to the exceptions on August 31, and two unrelated motions (for change of venue, September 11, and for interlocutory judgment, October 2), so the issue presented by the exceptions

5

was fully joined by August 31, and oral argument was not involved. In short, Abshire makes absolutely no showing that he was prejudiced by the court's decision to rule on the exceptions a month early. These assignments of error lack merit.

By his sixth assignment of error, Abshire urges the matter should be remanded due to the district court's holding that, under *Heck v. Humphrey*, his claims were premature and had prescribed. In support, he cites Prosser & Keeton, *Law of Torts*, 5 ed. (West, 1984), § 119, for the proposition that the *Heck* rule is "completely inappropriate for raising claims of misconduct against a law enforcement agency." He then ascribes this same quote to the U.S. Fifth Circuit, but offers no citation. The quoted language, however, does not appear in Prosser & Keeton, nor could it, as *Heck* was not rendered until 10 years after that hornbook was published. Our own research has located no case, by the Fifth Circuit, or by any federal court, or by any state court, holding that *Heck* is inapplicable to claims of misconduct against law enforcement agencies. Abshire's assertion is stunningly unsubstantiated and totally void of merit.[1]

The argument is also factually erroneous in that the district court did not use *Heck* to find Abshire's claim premature and prescribed, but to find that it lacked a cause of action. The court in *Heck* held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

---

[1] This court's practice is to read pro se filings indulgently and with much latitude, trying to discern the thrust of the appellant's position. *Magee v. Williams*, 50,726 (La. App. 2 Cir. 6/22/16), 197 So. 3d 265; *Greenwood Comty. Ctr. v. Calep*, 48,737 (La. App. 2 Cir. 1/15/14), 132 So. 3d 470. However, to fabricate a judicial quote, and falsely attribute it to a noted legal reference work, pushes the outer limits of this court's indulgence. Such conduct, if committed by an attorney, would result in immediate disciplinary action. La. R. Prof. Conduct, 3.3 (a)(1).

> that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-487, 114 S. Ct. at 2372 (citations omitted).

The court further stated that this standard has "always applied to actions for malicious prosecution," *id.*, showing that it is an accepted concept of tort law. Indeed, Louisiana applies *Heck* to federal § 1983 claims and to state tort claims equally. *Williams v. Harding*, 2012-1595 (La. App. 1 Cir. 4/26/13), 117 So. 3d 187. Abshire has made absolutely no showing that his conviction was reversed, expunged, invalidated, or called into question. The district court was legally correct in finding no cause of action. This assignment lacks merit.

By his seventh assignment of error, Abshire urges the matter should be remanded due to the district court's holding that, under *Dugas v. City of Breaux Bridge*, his claims lacked procedural capacity. He argues that the holding in *Dugas* is limited to municipalities incorporated under the Lawrason Act, La. R.S. 33:321, et seq. However, this court has noted that SPD (part of a city chartered by the Louisiana legislature, and not under the Lawrason Act) is not a legal person capable of being sued. *Dyas v. Shreveport Police Dept.*, 48,804 (La. App. 2 Cir. 2/26/14), 136 So. 3d 897, fn. 1, *writ denied*, 2014-0909 (La. 1/23/15), 159 So. 3d 1055; *see also*, *Batiste v. City of Baton Rouge*, 2013-1243 (La. App. 1 Cir. 10/14/14), 156 So. 3d 192, fn. 2, *writ denied*, 2014-2715 (La. 3/27/15), 162 So. 3d 386. This assignment lacks merit.

By his eighth assignment of merit, Abshire urges the matter should be remanded due to the district court's denial of his motion for interlocutory

judgment.  In that motion, Abshire cited Prosser & Keeton, *op. cit.*, § 119, to argue that *Heck v. Humphrey* did not apply to his claim.  For the reasons already discussed, this argument is unsupported and frivolous.  This assignment of error lacks merit.

## CONCLUSION

For the reasons expressed, the judgment is affirmed.  All costs are to be paid by Clifford Claude Abshire III in accordance with La. C.C.P. art. 5186.

**AFFIRMED**.