597 So.2d 1132 (1992)
STATE of Louisiana
v.
Lara Carmella BATCHELOR, (a/k/a Lara C. Batchelder) Individually and on Behalf of the Minor, Alan Floyd Batchelor.
No. CA 91 0169.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
*1133 Geoffrey H. Longenecker, Covington, and Cecil W. Burglass, Jr., New Orleans, for defendant-appellant.
Oliver F. Johnson, Covington, St. Tammany, Dist. Atty., William R. Campbell, New Orleans, for plaintiff.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
This appeal challenges the action of the trial court in nullifying a support judgment on the basis that the judgment was obtained by "fraud and ill practices." We find no error in the trial court's ruling and affirm.

PROCEDURAL BACKGROUND
The procedural facts giving rise to the present lawsuit are not in dispute. In March of 1988, Robert Hamilton, who ran a business called Allstar Logging Company (Allstar), was arrested and charged with several violations of the Louisiana Drug Racketeering Act, La.R.S. 15:1351-1356. In April of 1988, the State of Louisiana obtained a preliminary injunction preventing Hamilton from alienating, encumbering or concealing Allstar's assets.
On January 3, 1989, Lara Batchelor filed a petition against Hamilton on behalf of her minor son, Alan Floyd Batchelor, seeking, among other things, to establish Hamilton as the father of her minor child and to obtain support from Hamilton. The petition alleged that the child was entitled to support in the amount of $2,000.00 per month and sought a lump sum payment of $420,000.00. Batchelor and Hamilton entered into a consent agreement, with Hamilton admitting to paternity and agreeing to the payment of the lump sum support award as sought in the petition. Two days thereafter, the trial court entered judgment in accordance with the consent agreement, finding Hamilton to be the child's father. The court awarded Batchelor, on behalf of her minor child, a lump sum amount of $420,000.00 for past, present and future support of the child.
On June 29, 1989, Hamilton was convicted in state court of violating three counts of Louisiana's Drug Racketeering Act. He was found to have invested the proceeds from drug trafficking into real estate and the establishment or operation of a business; of using drug proceeds to acquire or maintain control of an enterprise; and of conspiracy to violate the law. Allstar was one of the involved businesses.
One day after Hamilton's conviction, Batchelor sought to execute the support judgment against Hamilton's property, including a seizure of all assets of Allstar, and directed a garnishment against property in the possession of the State. Apparently, she seized primarily heavy equipment belonging to the company, and later leased some of that equipment.
Also following Hamilton's conviction, the State filed forfeiture proceedings against Hamilton's assets pursuant to the Drug Racketeering Forfeiture Statute, La.R.S. 15:1356. When attempting to execute its writ of seizure, the State learned of the previous seizure of Allstar's assets by Batchelor. The State then filed the instant suit, seeking to have the support judgment declared null and void on the basis that it was obtained by "fraud and ill practices." Some time thereafter, a portion of the disputed property was sold at a private auction, and the funds and the remainder of the business assets were deposited in the registry of the court pending final determination of the nullity suit.
*1134 Following a trial, the court declared the support judgment null and void on the basis it had been obtained by fraud and ill practice. Lara Batchelor filed the instant appeal, setting forth numerous assignments of error. In essence, those allegations can be summarized as follows: (1) the State had no interest in bringing the action for nullity because the forfeiture statute is unconstitutional on its face; and (2) the trial court erred in finding fraud and ill practice under the facts of the case.

FRAUD OR ILL PRACTICES
Appellant first argues that the State does not have any interest in bringing the nullity action because the statute upon which its rights against Hamilton's property is based, La.R.S. 15:1356, violates La. Const. art. 1, § 4. That provision provided, prior to its amendment in 1989, that "[p]ersonal effects, other than contraband, shall never be taken."[1] She contends that the forfeiture statute does not require that property seized by the State be an "immediate instrument of crime," and, therefore, it permits an impermissible taking of personal property.
We find no merit to appellant's facial attack on the statute. In State v. Spooner, 520 So.2d 336 (La.1988), the Louisiana Supreme Court made it clear that forfeiture statutes will not be considered facially unconstitutional under the personal property provision as long as certain prerequisites are met. One such prerequisite is that the state prove that the property sought to be forfeited was derivative contraband, ie., property used as the immediate instrument of a crime.
The forfeiture provision at issue in this case, La.R.S. 15:1356, requires that the subject property be used in the course of, intended for use in the course of, derived from or realized through illegal drug racketeering activity that is a violation of La. R.S. 15:1353. La.R.S. 15:1353 makes it a crime for one who has knowingly derived proceeds from a drug racketeering activity to use or invest the proceeds in the establishment or operation of any enterprise. In State v. Nine Sav. Accounts, 553 So.2d 823 (La.1989), the Louisiana Supreme Court held that in order for property to be subject to seizure under La.R.S. 15:1356, the State must prove that the property has been used or invested in the course of conduct in violation of La.R.S. 15:1353, that is, it must be shown that the proceeds of drug activity have been used or invested in the acquisition of immovable property or in the establishment or operation of any enterprise. As stated by the Court, this section is intended as an anti-laundering statute to permit the State to pursue drug-related funds which have been invested in real estate or business enterprises by persons who knew the source of those funds. State v. Nine Sav. Accounts, 553 So.2d at 825. The forfeiture statute, on its face and as interpreted by the Supreme Court, requires a sufficient nexus between the property subject to seizure and the criminal activity such that the property is properly considered "derivative contraband." Accordingly, we discern no facial constitutional infirmity in the forfeiture statute.
Additionally, although the appellant alleges that there are procedural irregularities in the forfeiture provision, she has failed to brief any of those allegations, and therefore, under the Uniform Rules, Courts of Appeal, Rule 2-12.4, they are considered abandoned.
*1135 Because the State has an interest in the property affected by the support judgment, it is clear that it is a proper party to bring an action of nullity. Tanner v. Travelers Insurance Company, 389 So.2d 721 (La.App. 4th Cir.1980). La.Code Civ.P. art. 2004 provides that a judgment may be annulled if it is obtained by "fraud or ill practices." The annulment of a judgment under this provision is not limited to cases of actual fraud or intentional wrongdoing. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Rather, the criteria for determining whether a judgment has been rendered through fraud or ill practices are: (1) whether the circumstances under which the judgment was rendered show the deprivation of the legal rights of the litigant who seeks relief; and (2) whether the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d at 1070; Phillips v. Patin, 517 So.2d 190 (La.App. 1st Cir.1987).
Appellant insists that the support judgment was obtained in an entirely proper and legal manner and was instituted to secure support for her child, which is an obligation imposed on Hamilton by law. She also argues that the evidence does not warrant a finding of fraud or ill practice because the State's evidence did not prove that Hamilton was not the father of the child, and the State's allegations of ill practice are not supported by the evidence.
Upon reviewing the evidence, the trial court found that Batchelor and Hamilton lived together for some time, during which Batchelor, who was the bookkeeper for Allstar, was aware of Hamilton's drug activities and was a beneficiary of the income derived from those activities. The court found that this evidence, and the nature of the child support judgment itself, were sufficient to find that the child support proceeding was intended to thwart the interests of the State's forfeiture proceedings. The court pointed out that the lump sum figure of $2,000.00 per month was for a child who was not yet 2 years old at the time of the filing of the suit, and was an excessive amount under ordinary circumstances. The court also believed the lump sum nature of the support judgment to be "questionable," and ruled that the enforcement of the money judgment would deprive the State of its legal rights under the forfeiture statute and would, therefore, be unconscionable and inequitable.
A trial court is given great discretion in determining what constitutes fraud or ill practices. City of St. Martinville v. Johnson, 465 So.2d 280, 283 (La.App. 3d Cir.), writ denied, 467 So.2d 1133 (La.1985); Louisiana Health Service & Indemnity Company v. Cole, 418 So.2d 1357, 1359 (La.App. 2d Cir.1982). The trial court's findings of fact are well supported by the record, and we find no abuse of the trial court's great discretion in its conclusion that the support judgment was rendered through "fraud or ill practice."[2]

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Lara Batchelor.
AFFIRMED.
CARTER, J., concurs.
NOTES
[1] La. Const. art. 1, § 4 was amended by La.Acts 1989, No. 840 § 1, effective November 6, 1989, to provide:

Personal effects shall never be taken. But the following property may be forfeited and disposed of in a civil proceeding, as provided by law: contraband drugs; property derived in whole or in part from contraband drugs; property used in the distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs; property furnished or intended to be furnished in exchange for contraband drugs; property used or intended to be used to facilitate any of the above conduct; or other property because the above described property has been rendered unavailable.
Appellant admits that the above provision contemplates forfeiture proceedings such as the one against Hamilton, but argues that it may not be applied retroactively to this case. We find no facial defect in the forfeiture provision under the former version of La. Const. art. 1 § 4, and thus, shall not address the amendment's applicability.
[2] Throughout her brief, appellant insists that the minor child is a "factually innocent person" against whom the State's forfeiture proceedings can have no effect. La.R.S. 15:1356(A)(2) sets forth that "[n]o forfeiture or disposition under this Section shall affect the rights of factually innocent persons." However, appellant is asserting that the minor has a right to the property which is subject to seizure by the State by virtue of the support judgment, obtained prior to the State's institution of the forfeiture proceedings. It is the validity of the support judgment which is at issue in this case; if that judgment was obtained improperly, the minor has no right to the disputed property because the right to support from Hamilton has not been established in a proper judicial proceeding. Thus, whether the child is a "factually innocent" person under the forfeiture provision is irrelevant to the validity of the support judgment obtained by his mother in this case, and we shall not address the allegation that the trial court erred in failing to give due consideration to this provision.