673 So.2d 691 (1996)
Perry L. ROACH
v.
Janice R. PEARL.
No. 95 CA 1573.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*692 Thomas A. Lussen, Jr., Slidell, for Plaintiff-Appellant.
Ernest S. Anderson, Slidell, for Defendant-Appellee.
Before LeBLANC, WHIPPLE and FOGG, JJ.
FOGG, Judge.
In this case, the trial court annulled a default judgment that it had previously rendered. The aggrieved party appeals, questioning the trial court's ability to render a judgment of nullity based on fraud and ill practices within the original action. We affirm.
On April 30, 1986, three loans for $5,000.00 each were made: one in the name of Perry L. Roach, one in the name of Janice Reidt Pearl, and one in both parties names. The following day, Roach purchased a piece of immovable property in his name alone and used the funds from all three loans as payment. On December 16, 1986, Roach and Pearl executed a promissory note payable to First Financial Bank in the principal sum of $15,441.85 payable in monthly installments beginning February 1, 1987 and obtained another loan for $15,000.00 which was used to pay off the three prior loans. All of the payments made on the note were paid by Roach.
On August 3, 1994, Roach filed a petition for contribution against Pearl claiming each party was bound in solido and that he was entitled to recover his virile portion for payment of the December, 1986 loan from Pearl. Defendant was served with the petition; however, no answer appears in the trial court record. A preliminary default was entered on September 13, 1994, and a judgment by default was signed on November 22, 1994. After the delays for a suspensive appeal expired, plaintiff requested that execution issue. On January 23, 1995, defendant filed a motion and order for appeal.
On January 26, 1995, defendant filed a petition to annul the judgment and for injunction in the same proceeding in which the appeal had been filed. On February 17, 1995, a hearing was held on defendant's application for a preliminary injunction, which *693 was granted. By judgment signed on May 16, 1995, the trial court found the judgment of November 22, 1994 to be a nullity and permanently enjoined the sheriff's sale. Subsequently, defendant dismissed her devolutive appeal.
On appeal, plaintiff contends that Pearl could not raise an action for nullity based on fraud and ill practices under LSA-C.C.P. art. 2004 by "collateral attack." Article 2004, which provides as follows, does not specify the manner in which one can assert the grounds for nullity:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
Official Revision Comment (d) to LSA-C.C.P. art. 2004 states:
No specific provision has been made regarding the manner of asserting the grounds of nullity in the above article. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. Bruno v. Oviatt, 48 La.Ann. 471, 19 So. 464 (1896); Caldwell v. Galdwell [sic], 164 La. 458, 114 So. 96 (1927). Cf. Art. 2002, Comment (e), supra.

This court discussed the significance of absolute nullities, relative nullities, direct attacks, and collateral attacks in the case of Knight v. Sears, Roebuck & Co., 566 So.2d 135, 137 (La.App. 1 Cir.), writ denied, 571 So.2d 628 (La.1990) by quoting LeGlue Buick v. Smith, 390 So.2d 262 (La.App. 3 Cir.1980), as follows:
A judgment is an absolute nullity when there exists a vice of form. LSA-C.C.P. Article 2002, supra and the Official Comment to that article. A person with interest may show such nullity in collateral proceedings at any time and before any court, for absolutely null judgments are not subject to the venue and the delay requirements of the action of nullity. Nethken v. Nethken, 307 So.2d 563 (La. 1975); Tannehill v. Tannehill, 226 So.2d 185 (La.App. 3 Cir.1969), cert. denied, 228 So.2d 485 (La.1969); Garnett v. Ancar, 203 So.2d 812 (La.App. 4 Cir.1967); Franz v. Franz, 315 So.2d 79 (La.App. 4 Cir.1975); American Bank & Trust Company v. Marbane Investments, Inc., 337 So.2d 1209 (La.App. 3 Cir.1976). A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it. Nethken v. Nethken, supra.
On the other hand, "a final judgment obtained by fraud or ill practices may be annulled ...". LSA-C.C.P. Article 2004. Such a judgment is not an absolute nullity; the nullity must be properly decreed within the time prescribed. The established jurisprudence of this State requires that such grounds be asserted in a direct action and not raised collaterally. Nethken v. Nethken, supra; Pontchartrain Park Homes, Inc. v. Sewerage and Water Board of New Orleans, [246 La. 893], 168 So.2d 595 (La.1964). What is meant by a "direct action" is that the party praying for the nullity of a judgment must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits. LSA-C.C.P. Article 1201, 2001-2006; Nethken v. Nethken, supra; Garnett v. Ancar, supra.
This definition of "direct action" has been expanded by the jurisprudence to require that a petition to annul be filed in an entirely new and separate proceeding, thereby prohibiting the bringing of such an action in the same proceedings in which the judgment was rendered. E.g. Bernard v. Fireside Commercial Life Ins. Co., 633 So.2d 177 (La.App. 1 Cir.1993); writ denied, 93-3170 (La. 3/11/94); 634 So.2d 839.
We agree that filing a separate proceeding would be a direct action. However, we find no compelling reason that precludes the conclusion that a pleading filed in the same proceeding as that in which the offending judgment was rendered would also be a direct action. We, further, find no compelling reason for the technical rule requiring a separate action as set forth in the jurisprudence. No article in the Code of Civil Procedure *694 requires it and the Supreme Court has never addressed the issue directly.
Recently, in the case of Succession of Schulz, 622 So.2d 693, 696, n. 3 (La.App. 4 Cir.1993), the Fourth Circuit stated, "The requirement for a `direct action' should mean only that such fraud and ill practices cannot be asserted obliquely, for example, as defenses in an answer, etc., in another proceeding in which the judgment may have some impact, i.e., a true collateral proceeding...." Subsequently, in the case of Zatzkis v. Zatzkis, 632 So.2d 307, 316 n. 5 (La.App. 4 Cir. 1993) that court stated:
[F]iling a separate proceeding would be a direct action. But a pleading filed in the same proceeding as that in which the offending judgment was rendered would not only be "direct", but most direct. The limitation envisioned by LSA-C.C.P. art. 2004 Comment (d) was one which prevents the nullity from being asserted in a totally unrelated proceeding, i.e., a collateral proceeding-not a prohibition against raising it in the very same proceeding in which it was rendered, which is arguably the best place to raise it.
We, too, believe the prohibition is against the issue being raised by way of affirmative defense such as in the answer or by exception. Clearly, any of those methods would be a collateral attack that is an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling the judgment. We see no prohibition or adverse effects to allowing the filing of a petition for nullity asserting fraud and ill practices in the same proceeding as the offending judgment. Rather, such is in the interest of judicial economy. Therefore, we find that the petition for nullity was properly filed within the original action in the instant case.
We are cognizant of the case of Bernard v. Fireside Commercial Life Ins., 633 So.2d 177 (La.App. 1 Cir.1993); writ denied, 93-3170 (La. 3/11/94); 634 So.2d 839, wherein we stated that "[t]he jurisprudence clearly distinguishes between the procedural requirements for seeking annulment of an absolute nullity [i.e., article 2002], as opposed to the requirements for seeking annulment of a relative nullity [i.e. article 2004-fraud or ill practices]. When the judgment complained of is a relative nullity because of fraud or ill practices, a separate direct action for nullity must be filed." For the following reasons, we find that this language is not dispositive of the issue before this court today.
The Bernard case involved two claims asserted by the Federal Deposit Insurance Corporation (FDIC) in an intervention filed in the rehabilitation proceedings of Fireside Commercial Life Insurance Company, a domestic life insurance company. Therein, in an amended final judgment it rendered on July 22, 1991, the trial court "rescinded" a July 9, 1987 rehabilitation order to the extent that it was inconsistent with that judgment. One issue raised on appeal was whether the trial court erred in setting aside any portion of the rehabilitation order. In discussing the avenues available to alter the substance of a final judgment, this court discussed nullity of judgments, in part, as quoted above. This court noted that the FDIC did not file any formal pleading to set aside the rehabilitation order and, then, found that the FDIC had not availed itself of any of the vehicles available to alter the substance of a final judgment. Therefore, the trial court had erred in setting aside a portion of the rehabilitation order. The issue of whether a petition for nullity alleging grounds provided in LSA-C.C.P. art. 2004 can be filed in the same proceeding as the offending judgment was not before this court in Bernard as no formal pleading to set aside the judgment was filed. Thus, the above quoted language was not essential to the determination of the issues raised on appeal in that case. Because the above quoted language was not essential to the determination of the issues raised on appeal in the Bernard case, that language is dicta rather than binding jurisprudence of this court.
Plaintiff contends the trial court was divested of its jurisdiction to hear the petition for nullity because of the defendant's prior appeal. Plaintiff submits that the trial court should have dismissed the nullity action based on LSA-C.C.P. art. 2088 which provides that the jurisdiction of the trial court is divested upon the granting of an order of appeal. We disagree. LSA-C.C.P. art. 2005 *695 specifically allows for a nullity action while an appeal is pending. See Viso v. Favie, 502 So.2d 1130 (La.App. 4 Cir.), writ denied, 503 So.2d 465 (La.1987).
Plaintiff further asserts the trial court erred in declaring the November 22, 1994 judgment a nullity under LSA-C.C.P. art. 2004. Herein, the trial court found that the enforcement of the November 22, 1994 judgment "would be inequitable in light of the fact that defendant has a defense to the claim under La.C.C.P., [sic] Article 1804, and would have been able to assert that defense but for the absence of her answer in the record." Plaintiff contends the trial court erred in finding the defendant filed an answer to the lawsuit and in determining that enforcement of the judgment would be inequitable.
The criteria for determining whether a judgment has been rendered through fraud or ill practices, and is thus subject to nullification, are whether circumstances under which the judgment was rendered show deprivation of legal rights of the litigant who seeks relief, and whether enforcement of judgment would be unconscionable or inequitable. State v. Batchelor, 597 So.2d 1132 (La.App. 1 Cir.), writ denied, 604 So.2d 964 (La.1992). In reviewing a decision of the trial court on a petition for nullity, the issue for the reviewing court is not whether the trial court was right or wrong but whether the trial court's conclusions were reasonable. Kem Search v. Sheffield, 434 So.2d 1067 (La.1983); Dismuke v. Quaynor, 25,482 (La.App. 2 Cir. 4/5/94); 637 So.2d 555, writ denied, 94-1183 (La. 7/1/94); 639 So.2d 1164.
The determination of whether an answer was filed is a factual determination subject to a manifest error standard of review. Where two permissible views of the evidence exist, the trial courts choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Dept. of Transp. and Dev., 617 So.2d 880 (La.1993).
In the instant case, the defendant testified that she was served with the original petition and took it to her attorney. Her attorney testified that he mailed an answer to the clerk though a review of the record does not show that an answer was filed. At the hearing on the preliminary injunction, defendant introduced into evidence a motion to enroll as attorney of record, an answer to the lawsuit, and a cover letter forwarding those documents to the court. The cover letter and the motion to enroll had the correct proceeding number. The answer had an incorrect number. Clearly, on the evidence we cannot say the trial court manifestly erred in determining defendant filed an answer that did not appear in the record.
Plaintiff further contends he did not commit any fraud or ill practices in obtaining the judgment, therefore, the trial court erred in determining enforcement of the judgment would be inequitable. Specifically, plaintiff asserts that, in order for a court to nullify a judgment under Article 2004, "there must be a finding that the plaintiff, or someone acting on his behalf, did something or failed to do something that resulted in an improper practice or procedure which deprived the defendant of her legal rights." In the case of Morris v. East Baton Rouge Parish School Bd., 93-2396 (La.App. 1 Cir. 3/3/95); 653 So.2d 4, this court held that an action to annul a final judgment that has been acquired by fraud or ill practices is not limited to situations involving fraud or ill practices perpetuated solely by the opposing party. See also Kem Search, 434 So.2d at 1070. The proper inquiries in determining whether a judgment has been rendered through fraud or ill practices, are whether circumstances under which the judgment was rendered show deprivation of legal rights of the litigant who seeks relief, and whether enforcement of judgment would be unconscionable or inequitable. Kem Search, 434 So.2d at 1070; State v. Batchelor, 597 So.2d at 1135. In this case, we cannot say the trial court's determination that the enforcement of the judgment would be inequitable or was reasonable.
In the alternative, plaintiff submits that "the answer filed by defendant would not have been sufficient to defeat his claim because she failed to include her [affirmative] defense to that claim in her answer." In light of LSA-C.C.P. art. 1151, which provides *696 that a defendant may amend his answer, this argument must fail.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellant.
AFFIRMED.
WHIPPLE, J., concurs by LeBLANC, J.