PARRO, J.
|2Beverly Armand appeals a judgment sustaining a dilatory exception raising the objection of prematurity in favor of Lady of the Sea General Hospital and dismissing her suit without prejudice. For the following reasons, we affirm the judgment.
BACKGROUND
On February 26, 2010, Ms. Armand filed a petition against Lady of the Sea General Hospital (the hospital), alleging that she was injured on March 2, 2009, when she fell while exiting a whirlpool as part of her inpatient treatment at the hospital. She further claimed that the floor surrounding the whirlpool was wet and had no safety mats or other slip-resistant protection. The petition stated that the hospital failed to provide her with sufficient assistance exiting the whirlpool, making her use a step-stool to complete this process. Ms. Armand claimed damages from the hospital for the injuries she allegedly suffered as a result of this incident.
In response to the petition, the hospital filed a dilatory exception raising the objection of prematurity and a peremptory exception raising the objection of no right of action. Both exceptions were based on the hospital’s claimed status as a qualified health care provider entitled to the protections of the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41, et seq. One of those protections requires a medical malpractice claimant to submit all medical malpractice claims to a medical review panel, pursuant to LSA-R.S. 40:1299.47, before filing suit, which Ms. Armand had not done. The exceptions were set for hearing on August 6, 2010.
Ms. Armand then filed a supplemental petition, which deleted all references that might clearly identify her claim as medical malpractice, such as the statement that her injury was received as part of inpatient treatment at the hospital. Service of this petition was withheld at her request.
During the August 6 hearing, the hospital acknowledged that it had seen the supplemental petition, although it had not been served with it. In support of its exception, the hospital offered into evidence a photocopy of a certified copy of a form provided by the Patient’s Compensation Fund (PCF), showing that the hospital was |senrolled as a health care provider under the Act during the time when Ms. Armand’s accident occurred. When the PCF document was submitted, the judge asked Ms. Armand’s counsel, “Is there any objection?” The response was, “No objection.” The judge then admitted the PCF document into evidence, and it was marked and filed into the record by the clerk. After hearing arguments from counsel for both parties, the court denied the hospital’s exceptions on the basis that the petition, as supplemented, contained no allegations related to medical malpractice.
The hospital then refiled its dilatory exception raising the objection of prematurity.[1] At a hearing on January 7, 2011, the hospital offered the testimony of Jennifer Guidry, the physical therapist who was providing Ms. Armand with wound therapy in the hospital’s whirlpool when the accident occurred. In connection with her testimony, the hospital also offered por *1225 tions of Ms. Armand’s medical records on which the physical therapist had noted her account of the accident. The hospital also re-submitted a photocopy of the PCF document. At this point, Ms. Armand’s counsel vigorously objected to its admission, because it was not an original document. Counsel for the hospital then offered the entire record for consideration by the court, because the PCF document was already in the record from the previous hearing. After considerable argument from both parties on the issue of whether the photocopy of the PCF document should be admitted into evidence, the judge first sustained the objection, but later recessed court to examine the pertinent evidence law and jurisprudence. After reconsideration of the decision in the light of the law and jurisprudence, the judge determined that he could rely on the record, which included the enrollment information in the PCF document, and could also consider the other evidence submitted by the hospital on the issue of medical malpractice. On the basis of the evidence submitted in connection with both hearings, the judge sustained the hospital’s exception of prematurity. The judgment, which was signed on January 21, 2011, dismissed Ms. Armand’s petition without prejudice. This appeal followed.
14APPLICABLE LAW
Under the Louisiana Medical Malpractice Act (the Act),[2] all medical malpractice claims against qualified health care providers must be submitted to a medical review panel for consideration. See LSA-R.S. 40:1299.47(A)(l)(a). No civil action against a qualified health care provider or its insurer may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to the Act. See LSA-R.S. 40:1299.47(B)(l)(a)(i). A request for a medical review panel is a prerequisite to and not the equivalent of a suit for medical malpractice. Houghton v. Our Lady of the Lake Hosp., Inc., 03-0135 (La.App. 1st Cir.7/16/03), 859 So.2d 103, 105-06.[3]
Louisiana Code of Civil Procedure article 926(A)(1) provides for the dilatory exception raising the objection of prematurity. Such an objection is intended to retard the progress of the action rather than to defeat it. LSA-C.C.P. art. 923. It must be pleaded prior to or in the answer. LSA-C.C.P. art. 928; Deutsche Bank Nat’l Trust Co. v. Thomas, 10-1453 (La.App. 1st Cir.2/11/11), 57 So.3d 1185, 1187. An action is premature if it is brought before the right to enforce the claim sued on has accrued. See LSA-C.C.P. art. 423. The objection of prematurity raises the issue of whether the judicial cause of action has yet to come into existence because some prerequisite condition has not been fulfilled. *1226 Bridges v. Smith, 01-2166 (La.App. 1st Cir.9/27/02), 832 So.2d 307, 310, writ denied, 02-2951 (La.2/14/03), 836 So.2d 121. The objection contemplates that the action was brought prior to some procedure or assigned time, Rand is usually used in cases where the applicable law or contract has provided a procedure for one aggrieved by a decision to seek relief before resorting to judicial action. Plaisance v. Davis, 03-0767 (La.App. 1st Cir.11/7/03), 868 So.2d 711, 716, writ denied, 03-3362 (La.2/13/04), 867 So.2d 699. The dilatory exception of prematurity is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for an opinion by a medical review panel before filing suit against the provider. See Spradlin v. Acadia-St. Landry Med. Found., 98-1977 (La.2/29/00), 758 So.2d 116, 119. If a lawsuit against a health care provider covered by the Act has been commenced in a court and the complaint has not been first presented to a medical review panel, the exception of prematurity must be sustained, and the claimant’s suit must be dismissed. Dunn v. Bryant, 96-1765 (La.App. 1st Cir.9/19/97), 701 So.2d 696, 699, writ denied, 97-3046 (La.2/13/98), 709 So.2d 752.
The burden is on a defendant to prove prematurity and initial immunity from suit as a qualified health care provider under the Act. Id. The defendant must also show that it is entitled to a medical review panel, because the allegations fall within the Act. Hamilton v. Baton Rouge Health Care, 09-849 (La.App. 1st Cir.12/08/10), 52 So.3d 330, 333. The Act applies only to “malpractice”; all other tort liability on the part of a qualified health care provider is governed by general tort law. Coleman v. Deno, 01-1517 (La.1/25/02), 813 So.2d 303, 315.
Because authentication of evidence is a condition precedent to admissibility, an exhibit that is not authenticated does not constitute competent evidence. See LSA-C.E. art. 901. “Authentication” is a process whereby something is shown to be what it purports to be. Newpark Resources, Inc. v. Marsh & McLennan of Louisiana, Inc., 96-0935 (La.App. 1st Cir.2/14/97), 691 So.2d 208, 211, writ denied, 97-0691 (La.4/25/97), 692 So.2d 1094. Evidence must either be authenticated as provided in Article 901, or it must be self-authenticating. See LSA-C.E. arts. 902 and 904; Price v. Roy O. Martin Lumber Co., 04-0227 (La.App. 1st Cir.4/27/05), 915 So.2d 816, 822, writ denied, 05-1390 (La.1/27/06), 922 So.2d 543.
|fiTo preserve an evidentiary issue for appellate review, it is essential that the complaining party enter a contemporaneous objection to the evidence or testimony and state the reasons for the objection. Chauvin v. Chauvin, 10-1055 (La.App. 1st Cir.10/29/10), 49 So.3d 565, 571. Moreover, a party’s failure to object to inadmissible evidence when it is admitted constitutes a waiver of the objection, and the trial court does not err in considering such evidence. See Kirby v. Field, 04-1898 (La.App. 1st Cir.9/23/05), 923 So.2d 131, 137 n. 8, writ denied, 05-2467 (La.3/24/06), 925 So.2d 1230; Nitro Gaming, Inc. v. D.I. Foods, Inc., 34,301 (La.App. 2nd Cir.11/1/00), 779 So.2d 817, 821.
ANALYSIS
Ms. Armand contends on appeal that the trial court erred in admitting improper evidence, namely, the photocopy of a certified copy of the PCF document, and in relying on that evidence in reaching its decision. According to LSA-R.S. 40:1299.47(B)(l)(a)(ii), a certificate of enrollment issued by the PCF board shall be admitted in evidence. Louisiana Code of *1227 Evidence article 902(2)(b) requires that m order for a document of a Louisiana state agency, board, or department to be self-authenticating, and thus admissible under Article 901, it must be certified as being the original by an officer or employee who is authorized to make such a certification. Article 904 allows a purported copy of such a document to also be deemed authentic when certified as true or correct by a person authorized to make such a certification. Ms. Armand argues that, because the PCF document admitted at the first hearing was merely a photocopy of a certified copy, it could not be deemed authentic and should not have been admitted. To that extent, Ms. Armand is correct.
However, when the photocopy of the certified copy of the PCF document was submitted into evidence during the August 6, 2010 hearing, counsel for Ms. Armand did not object to its introduction. Because the PCF document was admitted without a contemporaneous objection, the court did not err in allowing it into evidence. The certificate is competent evidence to establish a prima facie case for the applicability of the Act regarding claims against the party identified on the certificate. See Roark v. Liberty Healthcare Systems, LLC, 44,913 (La.App.2d Cir.12/9/09), 26 So.3d 968, 973-74, writ denied, 10-0390 (La.4/23/10), 34 So.3d 265. In addition, the court correctly concluded at the second hearing that it could consider the PCF document in ruling on the hospital’s exception of prematurity, even though that document was in the record as the result of its admission during the prior hearing. The Louisiana Supreme Court has ruled that the trial judge may take judicial notice of the record at an earlier proceeding before him in the same case, pursuant to LSA-C.E. art. 201(A) and (B)(2). State v. Valentine, 397 So.2d 1299, 1300 (La.1981); Lewis v. State Through Dept. of Pub. Safety and Corr., 602 So.2d 68, 73 n. 3 (La.App. 1st Cir.), writ denied, 604 So.2d 1312 (La.1992); Stanley v. Nicosia, 09-191 (La.App. 5th Cir.9/29/09), 19 So.3d 56, 58; see also State v. Batiste, 96-0526 (La.App. 3rd Cir.12/11/96), 687 So.2d 499, 503, writ denied, 97-0174 (La.6/30/97), 696 So.2d 1003, reconsideration denied, 97-0174 (La.9/26/97), 701 So.2d 970 (court may also take judicial notice of a prior ruling in the case before it, whether evidenced by the court’s official minutes concerning earlier proceedings in the same case, a transcript, or a written judgment). The minutes and the transcript of the August 6 hearing reflect that “Exhibit Lady of the Sea (A),” which we have referred to as the PCF document, was filed into evidence. Therefore, because the document was already part of the record and any objection to its admissibility had been waived, the trial court did not err in considering this document when ruling on the hospital’s exception raising the objection of prematurity.
Ms. Armand also argues that the trial court erred in allowing the hospital to reassert its exceptions. No authority was cited in support of this contention, nor has our research revealed any such authority. Louisiana Code of Civil Procedure article 928 states that the dilatory exception must be pleaded prior to or in the answer and prior to or along with the filing of any pleading seeking any relief other than certain enumerated instances not applicable in this case. The record shows that the hospital filed all of its exceptions and motions together in one pleading and filed them prior to filing an answer to the petition. This was true of the original filing and the refiling of its dilatory exception raising the objection of prematurity. Therefore, the trial court did not err in | sallowing the hospital to refile its dilatory exception.
*1228 Finally, Ms. Armand claims the court erred in sustaining the exception, because her accident was not the result of medical malpractice, but was within the ambit of general tort law. She claims she slipped and fell on a wet floor and that the hospital’s liability is based on an unsafe condition existing at the facility and a lack of proper safety measures. In support of this argument, she cites a number of cases in which the courts have clarified that not every activity in a hospital constitutes medical malpractice.
In the Coleman case, the Louisiana Supreme Court set out six factors to be evaluated when considering whether an accident qualifies as medical malpractice. Coleman, 813 So.2d at 315-16. These factors are: (1) whether the particular wrong is “treatment related” or caused by a dereliction of professional skill; (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; (3) whether the pertinent act or omission involved assessment of the patient’s condition; (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities that a hospital is licensed to perform; (5) whether the injury would have occurred if the patient had not sought treatment; and (6) whether the tort alleged was intentional. Id.
The evidence presented by the hospital through the testimony of Ms. Guidry established that Ms. Armand was undergoing wound care in the whirlpool; this treatment had been ordered by her physician and was being administered pursuant to those orders by Ms. Guidry and a technician who assisted her. The procedure required the use of a hydraulic chair lift in order to move the patient into and out of the whirlpool. The lift was designed to allow the patient to enter and exit it from the left of the whirlpool, where there was a drain and non-slip mats. Ms. Armand expressed a fear of heights, but eventually was lifted into the whirlpool using the hydraulic chair and spent the allotted time for her treatment. However, when being lifted out, Ms. Armand tried to get out of the hydraulic chair on the right side of the whirlpool before she was fully lifted. Neither the chair nor that side of the pool were designed for such an exit, and Ms. Guidry and the technician were positioned to assist her on the left side. When | flthey realized what Ms. Armand was attempting to do, Ms. Guidry and the technician told her to stay in the chair to complete the process safely, but she threw her legs over the right side of the chair and tried to get out on that side of the whirlpool. Ms. Guidry and the technician ran to the right side to help her when they realized what she was doing, but they were unable to prevent her from slipping and falling. Ms. Guidry was still trying to physically assist Ms. Armand when she fell.
Having evaluated this evidence in the light of the Coleman factors, we conclude the trial court did not err in determining that Ms. Armand’s accident was alleged to be the result of medical malpractice, and thus fell within the parameters of the Act. The whirlpool use was “treatment related,” in that it was ordered by her physician for wound care and was being administered by a trained physical therapist. The question of whether the therapist’s or the hospital’s activities at the time constituted a dereliction of duty or a breach of the standard of care is not a fact that a lay person could adduce. Therefore, expert testimony will be necessary to establish this element of Ms. Armand’s case. The incident occurred in the context of a physician/patient relationship, in that the treatment was ordered by Ms. Armand’s physician. Moreover, it certainly fell within the scope of activities that a hospital is licensed to perform in the *1229 treatment of its patients. The injury would not have occurred if Ms. Armand had not sought treatment at the hospital, and the accident was clearly unintentional. Thus, with the possible exception of factor three, this incident meets the Coleman criteria and falls within the ambit of the Act. Therefore, the trial court did not err in sustaining the exception of prematurity and requiring Ms. Armand to present her claims to a medical review panel before filing her suit.[4]
[ inCONCLUSION
For the above reasons, we affirm the judgment of the trial court and assess all costs of this appeal to Ms. Armand.
AFFIRMED.

. A number of additional exceptions and a motion to strike the supplemental petition were also filed; most of the exceptions and the motion were later dismissed by the hospital. Its peremptory exception raising the objection of no right of action was denied after the hearing on its exception of prematurity.

. Louisiana Revised Statutes 40:1299.41 through 1299.48.

. "Malpractice” is defined by LSA-R.S. 40:1299.41 (A)( 13), in pertinent part, as follows:
"Malpractice” means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions ... in the training or supervision of health care providers....
“Health care” is further defined in LSA-R.S. 40:1299.41(A)(9), in pertinent part, as follows:
"Health care” means any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient’s medical care, treatment or confinement....

. Ms. Armand's original petition was filed within the applicable one-year prescriptive period, thereby interrupting prescription. Accordingly, it is as if the one-year period had not commenced to run, and following the dismissal of her suit without prejudice, Ms. Armand can still bring her claim before a medical review panel and then refile her suit. See Tranum v. Hebert, 581 So.2d 1023, 1030-31 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991).