CHUTZ, J.,
concurring.
|J respectfully concur in the result reached in the authoring judge’s opinion, both on the motion to dismiss and on the merits.
Although filed within the succession proceedings, Mr. Fontenot’s petition to annul the judgment appointing Mr. Reno as succession administrator constituted a direct action for nullity that technically was a separate action from the principal succession proceedings.[1] Therefore, the trial court’s July 26, 2013 judgment refusing to nullify the prior judgment of appointment disposed of all issues raised by the nullity action and was a final, appealable judg *419 ment. See Succession of McLean, 09-1851, p. 2, 39 So.3d 852 (La.App. 1st Cir.6/11/10) (unpublished); Succession of Vaughn, 13-2248, p. 3, 2014 WL 6853930 (La.App. 1st Cir.12/3/14) (unpublished). Moreover, on the merits of the nullity action, I agree that the trial court did not err or abuse its discretion in refusing to annul the judgment at issue.

. A direct action for nullity can be brought by filing a petition to annul in a separate proceeding or by the filing of a petition to annul in the same proceeding in which the offending judgment was rendered. See Smith v. LeBlanc, 06-0041 (La.App. 1st Cir. 8/15/07), 966 So.2d 66, 72; Roach v. Pearl, 95-1573 (La.App. 1st Cir.5/10/96), 673 So.2d 691, 693-94.