CRAIN, J.
1 gin this medical malpractice action, Cindy and Blake Couvillion appeal the trial court’s judgment sustaining an exception of prematurity and dismissing their suit against Ryan Matherne, D.D.S. We reverse and remand for further proceedings.
FACTUAL AND PROCEDURAL HISTORY
The Couvillions instituted this suit for damages alleging that Cindy Couvillion was injured during a root canal procedure on August 8, 2012, as a result of Dr. Ryan *708 Matherne’s negligence. The Couvillions’ petition further alleged that the parties had. waived all formalities required by Louisiana’s Medical Malpractice Act (MMA) for institution of suit, including the requirement that they first, present their claim to a medical review panel.
In response, Dr. Matherne filed an exception of prematurity wherein he denied waiving the formalities required by the MMA. In a supporting memorandum with attached documentation, Dr. Matherne set forth that the Couvillions had filed a complaint with the Division of Administration and requested that a medical review panel (MRP) be convened to review their malpractice claims against him. However, Dr. Matherne argued, the Couvillions and their counsel then cut off all communication and refused to participate in the selection of an attorney chairman, leading Dr. Matherne to initiate the MMA’s strike process. Dr. Matherne explained that as the one-year deadline for appointing an attorney chairman approached, he sought to preserve his rights by filing an ex parte motion in the 22nd Judicial'District Court requesting appointment of an ad hoc attorney chairman until a permanent attorney chairman could be selected. Dr. Matherne asserted that Dan Buras was appointed as.the ad hoc attorney chairman by order of the 22nd Judicial District Court'dated July 30, 2014, and reasoned that this preserved his right to proceed before a medical review panel.
I «The Couvillions disagreed, arguing that the MMA does, not authorize the appointment of an ad hoc attorney chairman by ex parte order of the district court. The Cou-villions maintained that since no attorney chairman had been appointed through the procedures outlined in the MMA, the requirement of presenting them claim to a medical review panel had been waived.
The trial court held a hearing on the exception and, after taking the matter under advisement, adopted the arguments of defense counsel, rendered judgment sustaining the exception of prematurity filed by Dr. Matherne and dismissed the Couvii-lion’s' suit without prejudice. The Couvil-lions now appeal.
DISCUSSION
The dilatory exception of prematurity tests whether the cause of action asserted has matured to the point of being ripe for judicial determination by questioning whether the plaintiffs have complied with a required procedure before filing suit. See La. Code Civ. Pro. art. 926; Dupuy v. NMC Operating Co., L.L.C., 15-1754 (La.3/15/16), 187 So.3d 436, 438. Medical malpractice claims against qualified , healthcare providers are subject to dismissal pursuant to an exception of prematurity if the claim has not been reviewed by a pre-suit medical review panel. See La. R.S. 40:1231.8 (formerly La. R.S. 40:1299.47);[1] Dupuy, 187 So.3d at 438. However, the requirement of pre-suit review by a medical review panel may be waived. See La. R.S. 40:1231.8.
The burden of proving prematurity is on the exceptor, who must show that he is entitled to have the claims presented to a medical review panel before suit is filed. See Dupuy, 187 So.3d at 439. This requires that the exceptor show that he is a qualified health care provider under the MMA, and that the allegations of the claims sound in malpractice. See Andrews v. Our Lady of the Lake Ascension *709 Community Hosp., Inc., 13-1237 (La.App. 1 Cir. 2/18/14), 142 So.3d 36, 38. Evidence may be introduced to support or controvert the grounds of. the exception. La.Code Civ. Pro. art. 930. If no evidence is presented at.trial,-then the court must render its decision based on the facts alleged in the petition, with all allegations therein being accepted as true. LaCoste v. Pendleton Methodist Hosp., L.L.C., 07-0008 (La.9/5/07), 966 So.2d 19, 525.
In this case, the parties filed memoranda with attached exhibits, but did not introduce any evidence at the hearing before the trial court. Evidence not properly and officially offered .and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Denoux v. Vessel Management Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84, 88. Thus, none of the exhibits relied on by Dr. Matherne were properly before the trial court for purposes of ruling on the exception of prematurity, and the trial court erred in considering them.
In the absence of evidence, the exception of prematurity must be decided based upon the facts as alleged in the petition, with all of the allegations accepted as true. See LaCoste, 966 So.2d at 525. The MMA’s requirement that claims first be presented to a medical review panel applies only to claims against qualified healthcare providers. See La. R.S. 40:1231.8; Alexander v. Shaw-Halder, 11-1136 (La.App. 5 Cir. 5/8/12), 95 So.3d 1100, 1105. On the exception of prematurity, the exceptor must prove that he is a qualified health care provider if his status is not conceded. See Rivera v. Bolden’s Transp. Service, Inc., 11-1669 (La.App. 1 Cir. 6/28/12), 97 So.3d 1096, 1100-01; see also Bryant-Bravender v. Greenbrier Hosp. L.L.C., 12-1099, 2013 WL 595824, p. 4 (La.App. 1 Cir. 2/15/13) (where the court found no dispute as to the defendant’s qualified health care status and that the malpractice suit was premature based on the allegations of the petition); Andrews, 142 So.3d at 38 n. 1 (where the court noted there was no dispute that the defendant was a qualified healthcare provider and found that the malpractice suit was premature based on the allegations of the petition).
The parties in this case did not concede Dr. Matheme’s status as a qualified health care provider. Without evidence to establish his qualified health care status, we must conclude that Dr. Matherne failed to meet his initial burden on the exception. Consequently, we reverse the trial court’s judgment without reaching the legal issue of whether the required pre-suit review was waived.
CONCLUSION
The judgment of the trial court sustaining the exception of prematurity and dismissing the Couvillions’ suit is reversed, and this matter is remanded to the trial court for further proceedings.[2] Costs of this appéal are assessed to Ryan Math-erne, D.D.S.
REVERSED AND REMANDED.
We note that on remand Dr. Matherne may re-urge the exception of prematurity provided that he complies with the requirements of Louisiana Code of Civil Procedure article 928 A. See Armand v. Lady of the Sea General Hosp., 11-1083 *710 (La.App. 1 Cir. 12/21/11), 80 So.3d 1222, 1227, writ denied, 12-0230 (La.3/30/12), 85 So.3d 121.
PETTIGREW J., concurs in results.
HIGGINBOTHAM, J., concurs.

. As the supreme court recently explained, pursuant to House Concurrent Resolution No. 84 of the 2015 Regular Session, Section 40:1290.47 was redesignated as Section 40:1231.8 without any substantive change. In re Tillman, 15-1114 (La.3/15/16), 187 So.3d 445, 446 n, 1. Accordingly, we refer to the law’s current designation.

. We note that on remand Dr. Matherne may re-urge the exception of prematurity provided that he complies With the requirements of Louisiana Code of Civil Procedure article 9,28 A. See Armand v. Lady of the Sea General Hosp., 11-1083 (La.App. 1 Cir. 12/21/11), 80 So.3d 1222, 1227, writ denied, 12-0230 (La.3/30/12), 85 So.3d 121.