STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 0543

CINDY AND BLAKE COUVILLION

VERSUS

RYAN MATHERNE, D.D.S.

JUDGMENT RENDERED: _____ **FEB 1 8 2020** _____

* * * * * * *

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa • State of Louisiana
Docket No. 2014-2852 • Division "D"

The Honorable M. Douglas Hughes, Judge Presiding

* * * * * * *

Robert T. Talley                         ATTORNEY FOR APPELLANTS
Baton Rouge, Louisiana                   PLAINTIFFS—Cindy and Blake
                                         Couvillion


Stephen M. Pizzo                         ATTORNEYS FOR APPELLEE
Kelly M. Brian                           DEFENDANT—Ryan Matherne,
Metairie, Louisiana                      D.D.S.


* * * * * * *

BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.

McClendon, J. concurs in the Result Reached by The
majority

**WELCH, J.**

In this medical malpractice action, the plaintiffs, Cindy and Blake Couvillion, appeal a judgment of the trial court sustaining a dilatory exception raising the objection of prematurity and dismissing, without prejudice, their suit against the defendant, Ryan Matherne, D.D.S. For reasons that follow, we dismiss this appeal as moot and issue this memorandum opinion in compliance with Uniform Rules—Court of Appeal, Rule 2-16.1(B).

We borrow from the earlier opinion in this matter, **Couvillion v. Matherne**, 2015-1762 (La. App. 1st Cir. 6/3/16), 196 So.3d 706, 707-708, <u>writ denied</u>, 2016-1559 (La. 11/18/16), 213 So.3d 386.

> The Couvillions instituted this suit for damages alleging that Cindy Couvillion was injured during a root canal procedure on August 8, 2012, as a result of Dr. Ryan Matherne's negligence. The Couvillions' petition further alleged that the parties had waived all formalities required by Louisiana's Medical Malpractice Act (MMA) for institution of suit, including the requirement that they first present their claim to a medical review panel.
>
> In response, Dr. Matherne filed an exception of prematurity wherein he denied waiving the formalities required by the MMA. In a supporting memorandum with attached documentation, Dr. Matherne set forth that the Couvillions had filed a complaint with the Division of Administration and requested that a medical review panel (MRP) be convened to review their malpractice claims against him. However, Dr. Matherne argued, the Couvillions and their counsel then cut off all communication and refused to participate in the selection of an attorney chairman, leading Dr. Matherne to initiate the MMA's strike process. Dr. Matherne explained that as the one-year deadline for appointing an attorney chairman approached, he sought to preserve his rights by filing an *ex parte* motion in the 22nd Judicial District Court requesting appointment of an *ad hoc* attorney chairman until a permanent attorney chairman could be selected. Dr. Matherne asserted that Dan Buras was appointed as the *ad hoc* attorney chairman by order of the 22nd Judicial District Court dated July 30, 2014, and reasoned that this preserved his right to proceed before a medical review panel.
>
> The Couvillions disagreed, arguing that the MMA [did] not authorize the appointment of an *ad hoc* attorney chairman by *ex parte* order of the district court. The Couvillions maintained that since no attorney chairman had been appointed through the procedures outlined in the MMA, the requirement of presenting their claim to a medical review panel had been waived.

2

The trial court held a hearing on the exception and, after taking the matter under advisement, adopted the arguments of defense counsel, rendered judgment sustaining the [objection] of prematurity filed by Dr. Matherne and dismissed the Couvillion's suit without prejudice. The Couvillions ... appeal[ed].

On appeal, this Court noted that Dr. Matherne was required to prove that he was entitled to have the claim presented to a medical review panel before suit was filed by establishing that he was a qualified health care provider under the MMA and that the allegations of the petition sounded in malpractice. **Couvillion**, 196 So.3d 708. However, based on a review of the record, this Court found that no evidence was offered establishing that Dr. Matherne was a qualified health care provider and that the parties had not conceded his status as such. **Couvillion**, 196 So.3d at 709. Therefore, this Court determined that Dr. Matherne failed to meet his burden of proof on the exception, reversed the judgment of the trial court, and remanded for further proceedings. *Id.* This Court further held that on remand, Dr. Matherne was entitled to re-urge the objection of prematurity provided he complied with the requirements of La. C.C.P. art. 928(A).[1] *Id.* Lastly, this Court specifically declined to address the legal issue of whether the medical review panel was waived. *Id.*

On remand, Dr. Matherne re-urged the objection of prematurity. Pursuant to a judgment signed on October 17, 2018, the trial court sustained the objection and

---

[1] Louisiana Code of Civil Procedure article 928(A) provides:

> The declinatory exception and the dilatory exception shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the signing of a final default judgment. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.

dismissed the Couvillions' suit without prejudice.[2] From this judgment, the Couvillions have appealed.

The dilatory exception raising the objection of prematurity tests whether the cause of action asserted has matured to the point of being ripe for judicial determination by questioning whether the plaintiffs have complied with a required procedure before filing suit. **Couvillion**, 196 So.3d at 708; see also La. C.C.P. art. 926. Medical malpractice claims against qualified healthcare providers are subject to dismissal pursuant to an exception of prematurity if the claim has not been reviewed by a pre-suit medical review panel. **Couvillion**, 196 So.3d at 708; see also La. R.S. 40:1231.8 (formerly La. R.S. 40:1299.47[3]). This requires that the exceptor show that he is a qualified health care provider under the MMA and that the allegations of the claim sound in malpractice. *Id.*

Herein, the record establishes and there is no dispute that Dr. Matherne is a qualified health care provider and that the Couvillions' claims sound in malpractice. Therefore, the sole issue raised by this appeal is whether the pre-suit medical review panel process had been waived. Notably, however, a medical review panel has already been convened, the Couvillions' claims against Dr. Matherne were presented to that medical review panel, and the medical review panel rendered its decision.

It is well-settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies.

---

[2] The objection of prematurity was sustained after a contradictory hearing wherein the entire record was admitted into evidence. Included within the record were documents attached to the memoranda filed by the parties that established Dr. Matherne's status as a qualified health care provider. Notably, at the first hearing on the objection of prematurity, none of the exhibits were properly and officially offered and introduced into evidence. As such, this Court found that there was no evidence properly before the trial court establishing Dr. Matherne's status as a qualified health care provider, and that the trial court erred in considering them. See **Couvillion**, 196 So.3d at 709.

[3] Pursuant to House Concurrent Resolution No. 84 of the 2015 Regular Session, La. R.S. 40:1299.47 was re-designated as La. R.S. 40:1231.8 without any substantive change. Accordingly, we refer to the law's current designation.

**Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance**, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193. In order to avoid deciding abstract, hypothetical or moot questions, courts require cases submitted for adjudication to be justiciable, ripe for decision, and not brought prematurely. *Id.* A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of a conclusive character. *Id.*

An issue is "moot" when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." *Id.* A case is "moot" when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. *Id.* If the case is moot, then there is no subject matter on which the judgment of the court can operate. *Id.* Jurisdiction, once established, may abate if the case becomes moot. *Id.* It is not enough that the requirements of justiciability are satisfied when the suit is initially filed: the requirements must remain throughout the course of litigation up to the moment of final disposition. *Id.*

Herein, we find that the issue of whether the pre-suit medical review panel had been waived was rendered moot by the issuance of the medical review panel's opinion. That is, a ruling as to whether the Couvillions' claim had to be presented to a medical review panel prior to filing suit can serve no useful purpose or have any practical effect, and would thus constitute an advisory opinion, because the parties have gone through the pre-suit medical review panel process that was allegedly waived. To the extent that the Couvillions claim, in these proceedings, that the medical review panel was improperly formed (and was thus invalid), we

find this contention constitutes an impermissible collateral attack[4] on the order the defendants obtained in the 22nd Judicial District Court.[5] Therefore, we decline to address that issue.

As we have determined that the issue raised by the defendant's objection of prematurity and the trial court's ruling thereon have been rendered moot, we dismiss this appeal. All costs of this appeal are assessed equally between the parties.

**APPEAL DISMISSED AS MOOT.**

---

[4] A collateral attack is defined as an attempt to impeach the decree in a proceedings not instituted for the express purpose of annulling it. **Roach v. Pearl**, 95-1573 (La. App. 1st Cir. 5/10/96), 673 So.2d 691, 693.

[5] Likewise, to the extent that Dr. Matherne claims that he is entitled to a ruling from this Court in order to resolve the issue of prescription, we note that issue was not before the trial court and is not properly before this Court. Therefore, we decline to address the issue.