WHIPPLE, C.J.
I pPlaintiffs, Bob Welch and Daniel Hoover, appeal a March 2, '2016 judgment of the trial court, dismissing, with prejudice, plaintiffs’ claims against the East Baton Rouge Parish Planning and Zoning Commission (“the City/Parish”). For the following reasons, in the instant matter, which we refer to as “Welch II,” we reverse the judgment of the trial court and remand the matter to the trial court.
A full recitation of the pertinent facts and procedural history related to this litigation arising from the development of the Rouzan Traditional Neighborhood Development (“TND) is set forth in the companion cases of Welch and Hoover v. Planning *72 and Zoning Commission of East Baton Rouge, 2016-0253 (La. App. 1st Cir. 4/26/17), 2017 WL 1532701 (“Welch I”) and Welch and Hoover v. Planning and Zoning Commission of East Baton Rouge, 2016-0751 (La. App. 1st Cir. 4/26/17), 2017 WL 1532708 (“Welch III”), both also handed down this date.
In Welch I, plaintiffs appealed an October 1, 2015 judgment of the trial court that dismissed plaintiffs’ claims against a defendant, 2590 Associates, L.L.C. (“2590”). Finding merit to plaintiffs’ arguments, we reversed the judgment of the trial court, granted plaintiffs’ requests for injunctive relief and damages, and remanded the matter to the trial court to fix the specific amount of damages due to plaintiffs, based upon our finding that 2590 had disturbed plaintiffs’ rights to a conventional predial servitude of passage.
In Welch III, plaintiffs sought review of a March 21, 2016 judgment of the trial court, wherein the trial court declared that: (1) intervenor, Glasgow Partners, L.L.C., was entitled to temporarily relocate the servitude; (2) intervenor had permanently relocated the servitude in accordance with LSA-C.C. art. 748; and (3) plaintiffs were obligated to pay intervenor $6,650.48 for property damage to Glasgow Partners’ property. On review, we affirmed the trial court’s damage Laward in favor of Glasgow Partners but reversed the judgment of the trial court in all other respects.
In this appeal, plaintiffs seek review of a March 2, 2016 judgment of the trial court that dismissed plaintiffs’ claims against the City/Parish. Plaintiffs’ assignments of error are identical to those raised by plaintiffs in Welch III, involving claims against Glasgow Partners. However, in plaintiffs’ reply brief, plaintiffs contend that the trial court also erred in dismissing their claims against the City/Parish because plaintiffs introduced evidence at trial showing that there was “a legal disturbance by the City[/]Parish by virtue of the Planning Commission’s granting of defendants’ [rezoning request for the Rouzan TND] and then making it a public record.”
While the trial court did not provide written reasons for the judgment dismissing plaintiffs’ claims against the City/Parish, a minute entry detailing the reasons for the ruling states that plaintiffs’ claims were dismissed based on the trial court’s finding that:
the City/Parish acting within the scope of powers relative delegated to the Planning and Zoning Commission ,.. was well within its appropriate procedure and ... has not caused a disturbance of the plaintiff[s’] servitude... [further plaintiffs’] [servitude of passages is not necessary inasmuch as public streets are provided for that purpose. Said servitude of passage is therefore hereby can-celled.
We find that the trial court committed legal error insofar as the court dismissed plaintiffs’ claims against the City/Parish based on the finding that the servitude of passage was properly relocated, that it was no longer necessary as public streets were provided, and therefore, that the servitude of passage was cancelled. As discussed in the companion cases, servitudes may be natural, legal, or voluntary and conventional. LSA-C.C. art. 654. The servitude at issue in this case is not a legal servitude of right of passage; rather, it is a conventional servitude of passage, as it was created by testament and plaintiffs obtained rights to 14the servitude pursuant to a judgment of possession. See LSA-C.C. art. 705 (establishing servi-tudes of passage as a kind of conventional servitude). Indeed, the chapter in the Louisiana Civil Code addressing conventional or voluntary servitudes contains a section *73 specifically addressing “Extinction of Predial Servitudes.” See LSA-C.C. arts. 751, et. seq. We have reviewed the applicable code articles within this section and are unable to locate codal authority, or jurisprudential authority, that supports the trial court’s finding that the conventional servitude at issue herein was “cancelled” because public streets are now provided. Rather, LSA-C.C. art. 771 provides that “[a] predial servitude is extinguished by an express and written renunciation by the owner of the dominant estate,” which un-disputedly did not occur in the instant case.[1] Thus, we find that the trial court committed legal error by concluding that the servitude at issue herein could be “cancelled” on the basis that other public streets were available.
When an error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. Evans v. Lungrin, 97-0541 (La. 2/6/98), 708 So.2d 731, 735.
In challenging a zoning decision, the issue is whether the legislation is arbitrary and capricious. King v. Caddo Parish Commission, 97-1873 (La. 1998), 719 So.2d 410, 419. The court may inquire as to whether or not permits were granted in similar situations and refused in others, as this may constitute non-uniform application of zoning ordinance regulations. King, 719 So.2d at 419.
IfjWe have examined the record in this proceeding, and the record does not contain testimony on behalf of the City/Parish regarding the approval of the Rouzan TND or the zoning procedures in similar situations where a servitude is at issue; nor are the applicable zoning regulations in the record. Accordingly, the record is insufficient for us to determine whether or not the approval of the Rouzan TND by the City/Parish was factually and legally correct or was arbitrary and capricious.
As we are unable to determine the merits of plaintiffs’ claims against the City/Parish, we hereby remand this matter to the trial court for further proceedings in accordance with the precepts noted herein, including a determination on the record as to the circumstances giving rise to the City/Parish’s approval of the Rouzan TND, the City/Parish’s applicable zoning regulations, and customary zoning procedures of the City/Parish in similar situations where a servitude is at issue. In sum, this matter is remanded to the trial court for a determination of plaintiffs’ claims that the approval of the Rouzan TND by the City/Parish was arbitrary and capricious, and, if so, to determine the amount of damages, if any, owed to plaintiffs by the City/Parish.
CONCLUSION
For the above and foregoing reasons, we hereby reverse the March 2, 2016 judgment of the trial court, which dismissed, with prejudice, plaintiffs’ claims against the City/Parish and remand the matter to the trial court, with instructions to expeditiously determine whether or not the approval of the Rouzan TND by the City/Parish was arbitrary and capricious and to fix the amount of damages, if any, owed to plaintiffs by the City/Parish, in *74 accordance with the views expressed herein. , ■
| nCosts of this appeal in the amount of $1,232.50 are to be shared equally between the parties.
REVERSED AND REMANDED WITH INSTRUCTIONS.

. See also LSA-C.C. art. 705, comment (b) which provides, "There is no longer [a] distinction between urban and rural passage; the servitude is perpetual unless the title provides otherwise.”