WHIPPLE, C.J.
Un this appeal, which .we refer to as “Welch III,” plaintiffs, Bob Welch and Daniel Hoover, appeal a March 21, 2016 judgment of the trial court rendered in favor . of intervenor, Glasgow Partners, LLC. For the following reasons, we reverse the judgment of the trial court in part, affirm the judgment of the trial court in part, and remand the matter to the trial court.
RELEVANT PROCEDURAL HISTORY
A full recitation of the pertinent facts and procedural history related to this litigation arising from the development of the Rouzan Traditional Neighborhood Development (“TND”)' is set forth in the companion case of Welch and Hoover v. Planning and Zoning Commission of East Baton Rouge, 2016-0253 (La. App. 1st Cir. 4/26/17) (“Welch I”), also handed down this date.
In this appeal, plaintiffs seek review of a March 21, 2016 judgment, which addressed intervenor Glasgow Partners, L.L.C.’s claims in the instant litigation. Glasgow Partners intervened in plaintiffs’ possesso-ry action against 2590 Associates, L.L.C. (“2590”) and the Planning and Zoning Commission of East Baton Rouge, con *76 tending that it had an interest in the litigation because Glasgow Partners purchased the “servient estate” from 2590 prior to the trial court’s resolution of plaintiffs’ possessory action and prior to the trial court’s ruling on plaintiffs’ requests for injunctive relief and damages. Glasgow Partners sought declaratory relief and damages.
The trial court signed a judgment on March 21, 2016, addressing the relief sought by Glasgow Partners. The judgment declared that:
(1)Glasgow Partners was entitled to temporarily relocate plaintiffs’ servitude of passage in anticipation of construction activities by “arranging” a temporary servitude of passage, dated May 8, 2012, which provided access to Perkins Road;
h(2) Glasgow Partners permanently relocated plaintiffs’ servitude of passage by providing a 30-foot wide access from their properties to a publicly dedicated street pursuant to LSA-C.C. art. 748; and
(3) Judgment was rendered in favor of Glasgow Partners and against the plaintiffs, in solido, in the amount of $6,650.48 for damages “willfully caused by plaintiffs” on the property owned by Glasgow Partners.
' Plaintiffs then filed the instant appeal, raising the following assignments of error:
(1) The trial court erred in dismissing the possessory action;
(2) The trial court erred by finding that the servitude had been legally terminated, cancelled, or moved;
(3) The trial court erred in ruling that 2590 Associates or Glasgow Partners were authorized to move the servitude temporarily;
(4) The trial court erred in changing the judgment without proper procedure; and
(5) The trial court erred in granting damages to Glasgow Partners and failing to award damages to plaintiffs.
ANALYSIS
Motion to Supplement the Record
Prior to addressing the merits of plaintiffs’ instant appeal of the March 21, 2016 judgment of the trial court, we address plaintiffs’ motion to supplement the appeal, which was referred to the merits panel. Plaintiffs’ motion seeks to supplement the record on appeal with a copy of a judgment that was filed into the trial court record on November 9, 2015, but never signed by the trial court. Rather, the trial court signed an identical judgment that was filed into the trial court record on March 18, 2016, and signed by the trial court on March 21, 2016.
Louisiana Code of Civil Procedure article 2132 provides:
A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.
| ¿Here, the motion to supplement seeks to supplement the record with a copy of an unsigned judgment that was filed into the trial court record, as indicated by the date stamp on the judgment. The judgment is identical to the judgment that was later signed by the trial court and is on appeal herein. While we see no particular need for this unsigned judgment to resolve the is *77 sues of the case, Glasgow Partners has not objected to the motion to supplement.
Accordingly, as an accommodation to the parties, we will allow supplementation and hereby grant the motion to supplement.
Assignment of Error No. 4
For ease of discussion, we will first address plaintiffs’ fourth assignment of error, wherein plaintiffs contend that the trial court erred in changing the judgment without proper procedure. In sum, plaintiffs contend that the judgment rendered on March 21, 2016, insofar as it authorizes Glasgow Partners to “relocate” the servitude, conflicts with the October 1, 2015 minute entry of the trial court that states, in pertinent part, that the servitude of passage was “cancelled” because plaintiffs’ property was “no longer landlocked.”
When a trial court’s oral reasons or minute entry conflicts with the written judgment, the latter governs; the trial judge may, within his authority, render judgment which differs substantially from his prior oral statements, for such oral reasoning forms no part of the judgment, as it is the formal, signed judgment which governs the controversy. Northshore Capital Enterprises v. St. Tammany Hosp. Dist. No. 2, 2001-1606 (La.App. 1 Cir. 6/21/02), 822 So.2d 109, 112 n. 3, writ denied, 2002-2023 (La. 11/1/02), 828 So.2d 584.
Accordingly, we find no merit to plaintiffs’ argument that the judgment should be set aside on this basis alone. Thus, this assignment of error lacks merit.
jsAssignments of Error Nos. 1, 2, & 3
In assignment of error number one, plaintiffs contend that the trial court erred in dismissing their possessory action. However, the March 21, 2016 judgment at issue in this appeal does not contain decretal language dismissing plaintiffs’ possessory action. Rather, the dismissal of plaintiffs’ possessory action was actually ordered in the October 1, 2015 judgment of the trial court, which is the subject of the companion appeal handed down this same day. See Welch v. East Baton Rouge Planning Commission, 2016 CA 0253 (La. App. 1st Cir. 4/26/17), 2017 WL 1532701 (“Welch I”). Plaintiffs’ arguments in support of their contention that the trial court erred in dismissing their possessory action are discussed at length in the above-cited companion appeal, and have been found to be well-supported. On review, for the reasons expressed in the companion appeal, we likewise find merit to the first assignment of error herein.
Additionally, for the reasons set forth in the companion appeal, Welch I, we find merit in plaintiffs’ arguments in assignments of error numbers two and three herein, in which plaintiffs contend that the trial court erred by finding that the servitude has been legally terminated, can-celled, or moved, and further erred in finding Glasgow Partners was entitled to temporarily move the servitude.
In particular, in the companion appeal, we have discussed at length the propriety of the relocation of the servitude, and have concluded that in “relocating” the servitude, 2590 “diminished the width” of the servitude, in violation of LSA-C.C. art. 748. Accordingly, we reversed the judgment of the trial court therein and rendered judgment in favor of plaintiffs, granting plaintiffs’ requests for injunctive relief and damages, and remanded the matter to the trial court to fix the specific amount of damages due plaintiffs.
LFor the same reasons, we find merit to plaintiffs’ argument in the instant appeal challenging the relocation or termination of the servitude. For the reasons expressed in the companion appeal, we reverse the portion of the March 21, 2016 *78 judgment that declares “Glasgow Partners permanently relocated plaintiffs servitude of passage by providing a 30-foot wide access from their properties to a publicly dedicated street pursuant • to LSA-C.C. art. 748.”
Moreover, to the extent that the trial court judgment at issue in this appeal declares that Glasgow Partners was entitled to temporarily relocate the plaintiffs’ servitude of passage by arranging the temporary servitude of passage, dated May 8, 2012, to Perkins Road, we find additional error. The record reflects that 2590 temporarily relocated the servitude of passage, not Glasgow Partners. Specifically, notice of the relocated servitude was sent to plaintiffs by 2590, not Glasgow Partners, and 2590, not Glasgow Partners, filed the temporary servitude of passage into the public records on May 8, 2012. Notwithstanding the fact that this relocation was done by 2590, the “temporary relocation” was also done while plaintiffs were seeking review of the “relocation” issue via writs filed with this court (as set forth in our recitation of the procedural history of this litigation in the companion appeal). Moreover, the temporary servitude, recorded on May 8, 2012, ran only from Tract A (Welch’s property) to Perkins Road and there was no direct access to the temporary servitude from Tract B (Hoover’s property). Accordingly, there was no legal or evidentiary basis for the trial. court’s declaration in the March 21, 2016 judgment that Glasgow Partners had temporarily relocated the servitude, or in finding that Glasgow Partners (or any other party) had properly temporarily relocated the servitude. Accordingly, we likewise reverse the portion of the March 21, 2016 judgment that declares “Glasgow Partners was entitled to temporarily! 7 relocate-plaintiffs servitude of passage... by ‘arranging’ a temporary servitude . of passage.. .which provided access to Perkins Road.”
Assignment of Error No. 5 .
In their fifth assignment of error, plaintiffs contend the trial court erred in awarding damages to Glasgow Partners and in failing to award damages to plaintiffs. In the companion appeal of Welch I, we remanded the matter to the trial court to fix the specific amount of damages due to plaintiffs. For the same reasons, we remand this matter for a determination of the damages due to plaintiffs by Glasgow Partners, insofar as Glasgow Partners may have participated in or facilitated the disturbance and the improper relocation of plaintiffs’ servitude or from its- actions in filing its petition for intervention “uniting with one of the defendants in resisting plaintiffs’ claims.”
However, to the extent that the judgment awarded Glasgow Partners $6,650,48, plus legal interest, for damages “willfully” caused by plaintiffs during the construction of the Rouzan development, we find no error.
In its amended petition of intervention, Glasgow Partners alleged in pertinent part: that plaintiffs, or someone acting on their behalf, dumped trash into a drainage ditch before a hurricane, which potentially could have caused flooding; that Hoover drove his vehicle over pipe/conduit that had been laid for a gas line, causing damage to the line; that Welch and Hoover dug up property in the middle of the disputed servitude of passage area and installed a gas line; and that plaintiffs’ attorney parked his vehicle on Glasgow Partner’s property and impeded the ongoing construction activities.
At trial, Glen Jarrell, who testified on behalf of 2590. Associates and Glasgow Partners, provided detailed accounts of the damage allegedly caused by .plaintiffs and the costs of repairing such.damage. 2590 Associates and Glasgow |8Partners also *79 presented the testimony of a general- contractor who worked on the Rouzan TND development and repaired the roads and gas lines that were allegedly damaged by plaintiffs.. Additionally, invoices in the amount of $5,548.98 and $701.50 were introduced into evidence, and Mr. Jarrell testified that another $400.00 was incurred for repairing the gas line allegedly damaged by Welch and Hoover.
Special damages are those which have a “ready market value,” such that the amount .of the damages theoretically may be determined with relative, certainty. A reviewing court should not set aside an award of special damages unless the award was based on factual findings that are found to be manifestly erroneous. Aymami v. St. Tammany Parish Hospital Service District No. 1, 2013-1034 (La.App. 1 Cir. 5/7/14), 145 So.3d 439, 448. On the record before us, we are unable to find that the trial court was manifestly erroneous in concluding that plaintiffs had caused property damage, as alleged by Glasgow Partners. Moreover, evidence was introduced to support a special damage award in the amount of $6,650.48 for this property damage. As such, we are unable to say the trial court was clearly wrong or manifestly erroneous in making these determinations.
Accordingly, we find only partial merit to plaintiffs’ last assignment of error.
CONCLUSION
For the above and foregóing reasons, we hereby grant the motion to supplement filed by Bob Welch and Daniel Hoover. Additionally, we hereby affirm that portion of the March 21,2016 judgment of the trial court awarding damages in the amount of $6,650.48 to' Glasgow Partners for the property damage caused by plaintiffs. For the reasons set forth herein and in the companion appeal, Welch and Hoover v. Planning and Zoning Commission of East Baton Rouge, 2016-0253 (La. App. 1st Cir. 4/26/17), 2017 WL 1532701, handed down this same day, we hereby ^reverse the portion of the March 21, 2016 judgment that (1) declares that Glasgow Partners was entitled to temporarily relocate the servitude of passage, and (2) declares that Glasgow Partners permanently relocated the servitude of passage pursuant to LSA-C.C. art. 748, We remand the matter to the trial court for further proceedings, with instructions to expeditiously determine and fix the amount of damages.due to plaintiffs from Glasgow Partners, in accordance with the views expressed herein and for the reasons set forth in the companion appeal. Costs of this appeal are assessed equally between the parties.
MOTION TO SUPPLEMENT GRANTED; MARCH 21, 2016 JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; REMANDED WITH INSTRUCTIONS.