STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1338

PADDY CROSBY, AS THE TRUSTEE OF THE AARON
GUIDRY TRUST AND TRUSTEE OF THE LAUREN
GUIDRY TRUST, AARON GUIDRY, AND LAUREN GUIDRY

VERSUS

CROSBY ENTERPRISES, LLC, CROSBY DREDGING, LLC,
TALA AIR LOGISTICS, LLC, CROSBY HOLDINGS, LLC,
KURT CROSBY, FARREL TROSCLAIR, AND DANI DUFRENE

Judgment Rendered: __AUG 0 9 2024__

* * * * *

On Appeal from the
17th Judicial District Court
Parish of Lafourche, State of Louisiana
Trial Court No. 146442

The Honorable Christopher J. Boudreaux, Judge Presiding

* * * * *

| | |
|---|---|
| Yvette A. D'Aunoy<br>New Orleans, Louisiana | Attorneys for Plaintiffs-Appellants,<br>Paddy Crosby, as the Trustee of the<br>Aaron Guidry Trust and Trustee of the |
| William N. Abel<br>Kostas A. Smith<br>Thibodaux, Louisiana | Lauren Guidry Trust, Aaron Guidry,<br>and Lauren Guidry |
| Kyle D. Schonekas<br>William P. Gibbens<br>New Orleans, Louisiana | |
| Jerald P. Block<br>Sarah M. Lambert<br>Matthew P. Hymel<br>Thibodaux, Louisiana | Attorneys for Defendants-Appellees,<br>Crosby Enterprises, LLC, Crosby<br>Dredging, LLC, Tala Air Logistics, LLC,<br>Crosby Holdings, LLC, Kurt Crosby,<br>and Farrel Trosclair |

* * * * *

BEFORE: WELCH, CHUTZ, WOLFE, GREENE, AND STROMBERG, JJ.

Stromberg, concurs.
Welch, J. dissents & assigns reasons
GREENE, J. concurs for the reasons assigned by Judge Chutz.

**WOLFE, J.**

The underlying merits of this case involve a dispute over the management of multiple family business entities. This appeal, however, concerns the trial court's judgment sustaining a dilatory exception pleading the objection of prematurity, finding that the claims were subject to arbitration, and dismissing the claims against all but two of the defendants. The plaintiffs do not question the ruling as to arbitration; instead, the plaintiffs argue that their lawsuit should have been stayed rather than dismissed. The defendants filed a motion to dismiss the appeal, urging that this court lacks appellate jurisdiction. For the following reasons, we deny the motion to dismiss and affirm the trial court's judgment.

## FACTS

The family business entities involved in this case began in 1976 when Vinton J. Crosby founded the Crosby Boat Company. Almost fifty years later, Crosby Enterprises, LLC, is the parent company to many subsidiary companies in the marine transportation industry. The subsidiaries include Crosby Dredging, LLC, Tala Air Logistics, LLC, Crosby Holdings, LLC, Bertucci Contracting Company, LLC, Tala Marine, LLC, and Crosby Holdings, LLC, all named defendants in this matter and hereafter referred to collectively as the "Crosby Entities." In addition to the Crosby Entities, Kurt Crosby (Vinton Crosby's son and the managing member of the Crosby Entities) and Farrel Trosclair (the CFO of several Crosby Entities) are named defendants.[1] The plaintiffs are Paddy Crosby (Vinton Crosby's daughter), as the Trustee of the Aaron Guidry Trust and the Lauren Guidry Trust, along with Aaron Guidry and Lauren Guidry (Vinton Crosby's grandchildren). The plaintiffs and defendant, Kurt Crosby, are membership owners in several of the Crosby Entities.

---

[1] Another defendant's name, Dani Dufrene, appears in the caption of this lawsuit, but Dani Dufrene is not a named defendant listed in the original petition or in the supplemental and amended petition.

In 2022, the plaintiffs learned of potential problems regarding the state of the financial condition of the Crosby Entities. The plaintiffs filed this lawsuit on January 17, 2023, alleging, among other things, that the defendants had breached fiduciary duties, grossly mismanaged and wasted corporate assets, and improperly used false, fraudulent, and unauthorized signatures of the plaintiffs on documents that were presented to banks in order to inflate the financial condition of the Crosby Entities. In response to the plaintiffs' allegations, the defendants filed a dilatory exception raising the objection of prematurity, urging that the entire matter was subject to arbitration due to an arbitration clause found in all of the operating agreements of the various Crosby Entities, except for Bertucci Contracting Company, LLC, and Tala Marine, LLC.[2]

The defendants attached the Operating Agreements for each of the Crosby Entities to their exception of prematurity. The arbitration clauses, found in Paragraph 7.01 of each Operating Agreement, specifically provide for mandatory arbitration as follows:

> This Agreement and the relations of the Members with each other and with third persons shall be governed by the laws of the State of Louisiana. **Any and all disputes arising from this Agreement shall be submitted to binding arbitration** pursuant to the Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction. [Emphasis added.]

The defendants maintain that the plaintiffs' allegations of various acts and omissions related to the management of the Crosby Entities must be submitted to arbitration. The plaintiffs opposed the exception, arguing that the plaintiffs never agreed to be bound by the terms of the Operating Agreements, and even if they are bound, they maintain that their claims against the Crosby Entities are outside the scope of the

---

[2] The defendants' exception also raised the objection of vagueness, contending the plaintiffs failed to allege fraud with particularity. The trial court denied the exception of vagueness and that interlocutory ruling is not at issue in this appeal.

3

arbitration clauses. The plaintiffs attached affidavits of Paddy Crosby, Lauren Guidry, and Aaron Guidry to their opposition.

After a hearing on August 18, 2023, the trial court agreed with the defendants that the case was subject to arbitration. In a judgment signed on September 15, 2023, the trial court sustained the exception of prematurity as to all of the Crosby Entities except Bertucci Contracting Company, LLC, and Tala Marine, LLC.[3] The judgment dismissed the plaintiffs' claims against Crosby Enterprises, LLC, Crosby Dredging, LLC, Tala Air Logistics, LLC, and Crosby Holdings, LLC, including all claims based on the conduct, acts, and/or omissions of Kurt Crosby and Farrel Trosclair.[4]

On October 24, 2023, the plaintiffs filed a motion for devolutive appeal, challenging the trial court's ruling insofar as the trial court dismissed the plaintiffs' claims instead of staying the trial court's proceedings pursuant to La. R.S. 9:4202.[5] The plaintiffs are not questioning the trial court's ruling as to arbitration. After the record was lodged with this court, the defendants filed a motion to dismiss the appeal. The defendants urge that this court lacks appellate jurisdiction to consider the merits of the appeal given the interlocutory nature of the judgment. The plaintiffs opposed the motion to dismiss, arguing that the trial court's judgment is final and appealable since it completely dismissed their claims against some of the Crosby

---

[3] The trial court found that the Operating Agreements as to Bertucci Contracting Company, LLC, and Tala Marine, LLC, did not contain arbitration provisions and thus, denied the defendants' exception of prematurity as to those two entities. The plaintiffs do not assign error to that trial court ruling.

[4] The judgment did not indicate whether dismissal of the suit was with or without prejudice. When a judgment is silent as to whether the claims are dismissed with or without prejudice, the dismissal must be deemed to be without prejudice. **Collins v. Ward**, 2015-1993 (La. App. 1st Cir. 9/16/16), 204 So.3d 235, 239. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action. La. Code Civ. P. art. 1673.

[5] Louisiana Revised Statutes 9:4202 provides: "If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration."

4

Entities. We agree with the plaintiffs that the judgment is appealable; therefore, we deny the defendants' motion to dismiss the plaintiffs' appeal. See La. Code Civ. P. art. 1915(A)(1)[6]; **Salvador v. Main Street Family Pharmacy, L.L.C.**, 2017-1757 (La. App. 1st Cir. 6/4/18), 251 So.3d 1107, 1114 (a judgment sustaining an exception of prematurity and dismissing a plaintiff's suit without prejudice is a final, appealable judgment). See also **Green v. Regions Bank**, 2013-0771 (La. App. 1st Cir. 3/19/14), 2014 WL 3555820, *2, n.7 (unpublished).

## LAW AND ANALYSIS

Louisiana Code of Civil Procedure article 926(A)(1) provides for the dilatory exception pleading the objection of prematurity. The exception is intended to retard the progress of an action rather than to defeat it. See La. Code Civ. P. art. 923. An action is premature if it is brought before the right to enforce the obligation sued on has accrued. See La. Code Civ. P. art. 423. The objection of prematurity raises the issue of whether the judicial cause of action has yet to come into existence because some prerequisite condition has not been fulfilled. **Armand v. Lady of the Sea General Hospital**, 2011-1083 (La. App. 1st Cir. 12/21/11), 80 So.3d 1222, 1225, writ denied, 2012-0230 (La. 3/30/12), 85 So.3d 121.

The defense that a plaintiff is not entitled to judicial relief because of a valid agreement to submit claims to arbitration may be raised, as it was here, by the dilatory exception of prematurity. **Cook v. AAA Worldwide Travel Agency**, 360 So.2d 839, 841 (La. 1978); **Green**, 2014 WL 3555820, *2. The defense may also be raised by a motion to stay the proceeding pending arbitration. **Traders' Mart, Inc. v. AOS, Inc.**, 52,592 (La. App. 2d Cir. 4/10/19), 268 So.3d 420, 426, writ

---

[6] Louisiana Code of Civil Procedure article 1915(A)(1) provides: "A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court ... [d]ismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors."

denied, 2019-00694 (La. 10/21/19), 280 So.3d 1165. When the failure to arbitrate is raised by the exception of prematurity, the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate, by reason of which the judicial action is premature. **Id**. If the dilatory exception of prematurity is sustained, the premature action *shall* be dismissed. La. Code Civ. P. art. 933(A) ("If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed.") Furthermore, an exception of prematurity raises a question of law subject to *de novo* review. **Browne v. Gordon McKernan Injury Attorneys, LLC**, 2022-0840 (La. App. 1st Cir. 1/11/23), 361 So.3d 34, 37, writ not considered, 2023-00218 (La. 4/12/23), 359 So.3d 34.

Pursuant to La. Code Civ. P. art. 930, "[o]n the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." This court has interpreted the word "evidence" in Article 930 to mean competent, legal evidence. **Green**, 2014 WL 3555820, *1, n.5. The only evidence in this case consists of copies of the Operating Agreements affecting the various Crosby Entities, which were attached as an exhibit to the defendants' exception, and affidavits by the plaintiffs, which were attached as exhibits to their opposition. Arbitration provisions are contained in all but two of the Operating Agreements. The plaintiffs did not object to the evidence of the arbitration provisions and did not introduce any evidence to support their fraud allegations.

Arbitration is favored in Louisiana and under federal law. See **Traders Mart, Inc.**, 268 So.3d at 426. Ordinarily, the threshold inquiry is whether the parties have agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. **Id**. at 427. On appeal, the plaintiffs do not dispute the trial

6

court's finding that their claims against all but two of the Crosby Entities are subject to arbitration. Instead, the plaintiffs urge that the trial court erred in dismissing their claims against some of the defendants rather than staying the action pending arbitration.

At the hearing on the exception of prematurity, the trial court indicated that it would simply suspend the relevant claims until the proper arbitration proceedings had occurred. But then in the written judgment, the trial court dismissed the claims based on the arbitration clause. It is well settled that when a trial court's oral reasons or minute entry conflicts with the written judgment, the judgment prevails. **Welch v. Planning & Zoning Commission of East Baton Rouge Parish**, 2016-0751 (La. App. 1st Cir. 4/26/17), 220 So.3d 74, 77. The trial court may render judgment which differs substantially from oral statements made at the hearing, for such oral reasoning forms no part of the judgment. It is the formal, signed judgment that governs. **Id.**

The record reveals that the plaintiffs filed a post-hearing brief and application to stay the proceedings pending arbitration pursuant to La. R.S. 9:4202. However, the application to stay was filed *after* the trial court signed the judgment dismissing the plaintiffs' claims subject to arbitration.[7] At the time of the hearing on the exception of prematurity and at the time that the trial court signed the judgment, the only issue before the trial court was the defendants' exception of prematurity. No motion or application to stay the proceedings was pending before the trial court. We acknowledge that La. R.S. 9:4202 provides that on application of one of the parties, the trial court is required to stay the action until arbitration has been had; however,

---

[7] During oral argument before this court, a question was raised about the timing of the trial court's signing of the judgment versus the timing of the plaintiffs' filing of the application to stay, which both occurred on the same day. The defendants later filed a motion to supplement the appellate record with a certified letter from the Lafourche Parish Clerk of Court that verified the judgment was signed *before* the application to stay was filed. This court granted the motion to supplement on July 25, 2024.

the plaintiffs' application to stay was not timely. Only when a stay is asked for does the statute come into play. Therefore, the trial court did not legally err in following the mandate of La. Code Civ. P. art. 933 and dismissing the plaintiffs' premature claims against all but two of the defendants. We note, however, that when an action is dismissed as premature, it may be brought again after the right has accrued. See La. Code Civ. P. art. 423.

## CONCLUSION

For the reasons stated, we deny the defendants' motion to dismiss this appeal. After a *de novo* review of the record, we affirm the September 15, 2023 judgment sustaining the defendants' dilatory exception raising the objection of prematurity based on the arbitration clauses in the Operating Agreements, and dismissing the plaintiffs' claims against Crosby Enterprises, LLC, Crosby Dredging, LLC, Tala Air Logistics, LLC, and Crosby Holdings, LLC, including all claims based on the conduct, acts, and/or omissions of Kurt Crosby and Farrel Trosclair. All costs of this appeal are assessed against the plaintiffs, Paddy Crosby, as the trustee of the Aaron Guidry Trust and trustee of the Lauren Guidry Trust, Aaron Guidry, and Lauren Guidry.

**MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED.**

PADDY CROSBY, ET AL.

VERSUS

CROSBY ENTERPRISES, LLC, ET AL.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1338

AUG 0 9 2024

**Chutz, J., concurs in the result and assigns reasons.**

I disagree with the majority's reliance on the supplementation of the appellate record to verify the judgment was signed prior to the filing of the motion to stay. In addition to being unnecessary, the supplementation of the record with a newly-created document is problematic since appellate courts cannot receive new evidence. See *Guedry v. Fromenthal*, 633 So.2d 287, 289 (La. App. 1st Cir. 1993). Nevertheless, I concur with the result reached by the majority affirming the trial court's judgment. There is a presumption of correctness applicable to a trial court's judgment, and the burden is on the party challenging the judgment's validity to establish error by the trial court on appeal. See *Estay v. Estay*, 21-0329 (La. App. 1st Cir. 4/27/22), 2022 WL 1237892, at *4 (unpublished); *Frandria v. Holden*, 20-0410 (La.App. 1st Cir. 12/30/20), 319 So.3d 332, 338 n.4, writ not considered, 21-00692 (La. 9/27/21), 324 So.3d 102. Additionally, a trial court is presumed to know and correctly apply the law, which would have barred the trial court from signing the judgment after the motion to stay was filed. See *Centurion Place Civic Association v. Coleman*, 19-0856 (La. App. 1st Cir. 6/12/20), 2020 WL 3108697, at *3 (unpublished).

In this case, prior to the supplementation of the appellate record, both parties admitted the record showed only that the trial court signed the judgment on the same date the motion to stay was filed. The mere suggestion, without any supporting evidence, that the judgment could have been signed improperly after the stay was filed was insufficient to overcome the presumption of correctness applicable to the

judgment. Therefore, even disregarding the improper supplementation, appellants failed to establish any error in the judgment.

PADDY CROSBY, AS THE TRUSTEEOF THE AARON GUIDRY TRUST
ANDTRUSTEE OF THE LAUREN GUIDRYTRUST, AARON GUIDRY,
ANDLAUREN GUIDRY

VERSUS

CROSBY ENTERPRISES, LLC, CROSBY DREDGING, LLC, TALA AIR
LOGISTICS, LLC, CROSBYHOLDINGS, LLC, KURT CROSBY,
FARREL TROSCLAIR, ANDDANI DUFRENE

*JCW*

**WELCH, J. dissenting.**

AUG 0 9 2024

I respectfully disagree with the majority's opinion in this case. At the hearing on the objection of prematurity, the trial court, in its oral reasons, clearly indicated that it was not dismissing the plaintiffs' premature actions, but rather, those premature actions would be suspended until arbitration was satisfied. However, the written judgment signed by the trial court, which was prepared and submitted by the defendants, provided for the dismissal of those premature actions rather than a stay. I recognize, as pointed out by the majority, that when a trial court's oral reasons or minute entry conflicts with the written judgment, the written judgment prevails. However, prior to the defendants submitting the judgment to the trial court, the plaintiffs informed the defendants of their objection to the form of the judgment. The plaintiffs also specifically requested that the defendants advise them of whether the defendants would agree to the stay or whether the plaintiffs would need to file a motion seeking the stay under La. R.S. 9:4202. Instead of responding to the plaintiffs, the defendants submitted their proposed judgment, noting that the plaintiffs had objected to it, by e-filing it on September 14, 2003 at 5:13 p.m. (after hours), and it was subsequently stamped filed on September 15, 2023 at 8:37 a.m. On that same date, September 15, 2023, the plaintiffs—presumably after discovering that the defendants had filed the proposed

judgment notwithstanding their objections—then submitted their motion seeking a stay pending arbitration pursuant to La. R.S. 9:4202, which was e-file received at 2:34 p.m. and stamped filed at 2:54 p.m.

Although not initially part of the record herein, the record was subsequently supplemented with exhibits obtained after this matter was submitted that suggest the trial court may have appropriately signed the defendants' judgment dismissing the plaintiffs' premature actions because the plaintiffs had not yet filed their motion to stay, and thus, the motion was not pending at the time the judgment was signed. However, under the circumstances that: (1) the trial court specifically ruled that it was staying rather than dismissing the plaintiffs' premature actions; (2) the defendants were aware of the plaintiffs' intent to obtain a stay, either by consent or by motion; (3) the defendants then submitted to the trial court, over the objection of the plaintiffs, a judgment dismissing the premature actions, which was in direct conflict with the trial court's oral ruling; and (4) the plaintiffs immediately filed a motion to stay upon learning that the defendants had filed the judgment over their objection, I believe that the premature actions should have been stayed pursuant to La. R.S. 9:4202 rather than dismissed. To allow the dismissal of the plaintiffs' premature actions to stand is inequitable and deprives the plaintiffs of a legal right to which they are entitled. Therefore, I would reverse the judgment of the trial court and render judgment granting the stay, or alternatively, amend the judgment to provide for the stay.

Thus, I respectfully dissent.